FILED 6 DEC '24 14:49 USDC-ORP

Cameron Wilson
Email: cam@tlatoani-machi.com
1312 South 44th Avenue
Yakima, Washington 98908
Telephone: (503) 496-9239

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| CAMERON WILSON, Pro Se, <br><br> Plaintiff <br><br> vs. <br><br> CITY OF HOOD RIVER, a municipal corporation; <br> Officer Emelike Delancy, in his individual capacity; <br> Officer Austin Griffin, in his individual capacity; <br> Officer Ryan Jundt, in his individual capacity; <br><br> Defendants. | Case No.: [To Be Assigned] <br> 3:24-cv-2033-HZ <br><br> COMPLAINT <br> FOR VIOLATION OF Fourth, First, and Fourteenth Amendment Amendment Violations under 42 U.S.C. § 1983 <br><br> **Jury Trial Demanded** |

## I. INTRODUCTION

Page 1 - COMPLAINT                                          Cameron Wilson
                                                            1312 S 44th Ave
                                                            Yakima, WA 98908

109780

1. This civil action arises from the unlawful detention, arrest, excessive use of force, and retaliatory conduct of law enforcement officers of the City of Hood River, culminating in violations of Plaintiff's constitutional rights under the Fourth, First, and Fourteenth Amendments to the United States Constitution. Plaintiff Cameron James Wilson brings this action pursuant to 42 U.S.C. § 1983 and § 1988, seeking redress for Defendants' egregious misconduct, including unjustified restraint, suppression of protected activities, and deprivation of due process and equal protection.

2. Defendants' actions inflicted tangible harm on Plaintiff—loss of liberty, physical discomfort, emotional distress, and professional interference—warranting compensatory damages, punitive damages, declaratory and injunctive relief, and such other remedies as this Court deems just and proper.

## II. JURISDICTION AND VENUE

3. **Subject Matter Jurisdiction:** This Court has original subject matter jurisdiction under 28 U.S.C. § 1331, as Plaintiff's claims arise under the U.S. Constitution and federal law (42 U.S.C. § 1983). The claims present a federal question for which no state court remedies or diversity analysis is required.

4. **Personal Jurisdiction:** Defendants are domiciled in, operate, or are employed within the State of Oregon. Their actions giving rise to this lawsuit occurred in Hood River, Oregon. This Court has personal jurisdiction over all Defendants because their conduct was directed within this District.

5. **Venue:** Pursuant to 28 U.S.C. § 1391(b), venue is proper in the District of Oregon, Portland Division, as the events or omissions giving rise to the claims occurred in Hood River, Oregon, which falls within the jurisdiction of this Court.

6. **No Other Pending Actions:** To Plaintiff's knowledge, there are no other pending suits or related actions that would affect venue or jurisdiction in this matter.

---

## III. PARTIES

7. **Plaintiff:**

   **Cameron James Wilson** is a resident and citizen of the United States domiciled in Portland, Oregon. At all relevant times, Plaintiff engaged in lawful, non-commercial travel and exercised fundamental constitutional rights without engaging in any criminal activity.

8. **Defendant City of Hood River:**

   The **City of Hood River** is a municipal corporation organized under the laws of the State of Oregon. It is responsible for the policies, practices, and customs of its Police Department and for the training, supervision, and discipline of its officers. The City's acts and omissions, as well as its deliberate indifference to constitutional standards, played a direct role in the violations alleged herein.

9. **Defendant Officer Emelike Delancy:**

   **Officer Emelike Delancy** was, at all relevant times, a duly appointed police officer employed by the Hood River Police Department. Acting under color of state law and

within the scope of his employment, he participated in and facilitated the constitutional violations alleged. He is sued in his individual capacity.

10. **Defendant Officer Austin Griffin:**

   **Officer Austin Griffin** was, at all relevant times, a duly appointed police officer employed by the Hood River Police Department, acting under color of state law and within the scope of his employment. He is sued in his individual capacity for his direct involvement in the unlawful detention and arrest of Plaintiff.

11. **Defendant Officer Ryan Jundt:**

   **Officer Ryan Jundt** was, at all relevant times, a duly appointed police officer employed by the Hood River Police Department, acting under color of state law and within the scope of his employment. He is sued in his individual capacity for assisting in the excessive restraint and violation of Plaintiff's rights.

---

## IV. FACTUAL ALLEGATIONS

A. **Background**

12. On or about December 10, 2022, at approximately 10:02 a.m., Plaintiff was lawfully operating his privately owned vehicle—a blue 2014 BMW 328d displaying plates reading "Not for Hire" and "Traveler"—on Oak Street in Hood River, Oregon. Plaintiff, an amputee, routinely must stretch and adjust his prosthetic limb to maintain comfort and functionality, an action protected under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq.

B. **Initial Observations by Defendants**

13. Defendants Officer Delancy and Officer Griffin, on uniformed patrol along Oak Street, observed two vehicles traveling eastbound: (1) Plaintiff's BMW without state-issued registration plates or a trip permit, and (2) a maroon 2004 Oldsmobile Bravada (Oregon Reg. 056MUZ) allegedly exceeding the posted 20 mph speed limit.

14. Believing these vehicles to be traveling together, Officers Delancy and Griffin conducted a U-turn, activated their overhead emergency lights, and followed both vehicles as they turned right onto 4th Street and then onto State Street, where they parked in adjacent spaces along the north side of State Street.

C. **Plaintiff's Lawful Conduct**

15. After parking, Plaintiff exited his vehicle to stretch his prosthetic limb. This non-criminal, disability-related action is protected under federal law. Plaintiff began walking westbound on the north sidewalk of State Street with the intent to continue his day unimpeded.

16. Defendant Officer Griffin, observing Plaintiff merely walking away from his parked vehicle, unreasonably suspected that Plaintiff was attempting to "elude" on foot, despite no criminal conduct, no contraband, and no erratic behavior indicative of wrongdoing.

17. Without reasonable suspicion or probable cause, Officer Griffin approached Plaintiff and demanded that he show his hands for "officer safety." Plaintiff promptly complied.

18. Officer Griffin initiated an unwarranted interrogation regarding the absence of state registration plates on Plaintiff's vehicle, ignoring the fact that Plaintiff was not engaged

in commerce and thus questioning the applicability of motor vehicle registration requirements.

19. Exercising his Fifth Amendment right to remain silent, Plaintiff stated, "I don't want to have any kind of conversation," and further asserted, "I think first you would have to prove that I was driving on the roads in a commercial capacity." Plaintiff's lawful request for clarity on legal grounds for detention was met with evasiveness.

20. Plaintiff requested a supervising officer, stating, "Can you get your Sergeant?" This request is a form of petitioning for redress of grievances, protected by the First Amendment. Officer Griffin acknowledged the request but did not facilitate it, responding, "It would be one moment," knowing no supervisor was readily available.

21. Plaintiff reiterated his constitutional rights, declaring, "I'm gonna reserve all rights at this point, also my right to remain silent." Officer Griffin affirmed, "No problem, as it is your right to remain silent."

22. During this interaction, Officer Emelike Delancy explicitly confirmed Plaintiff's right to travel while not engaged in traffic and stated that Plaintiff could not be labeled a "sovereign citizen." This acknowledgment underscores the absence of any legitimate basis for detention or arrest, as Defendants recognized Plaintiff's lawful status.

23. After obtaining Plaintiff's name under threat of arrest, Defendants issued no citations or tickets for any alleged infractions. Their failure to formalize any charges or traffic violations further demonstrates the lack of probable cause or reasonable suspicion to justify Plaintiff's continued detention and arrest.

24. Without lawful justification, Defendant Officer Delancy escalated the situation, taking hold of Plaintiff's right wrist and, with Officer Jundt's assistance, restraining Plaintiff's

left arm behind his back. Plaintiff was forcibly handcuffed, despite posing no threat or attempting to flee.

25. Officer Delancy confiscated Plaintiff's cellular phone, turning off the ongoing recording and placing it into Plaintiff's jacket pocket. This action directly interfered with Plaintiff's First Amendment right to record law enforcement conduct (Glik v. Cunniffe, 655 F.3d 78 (1st Cir. 2011)).

26. Plaintiff remained handcuffed for approximately six minutes, experiencing physical discomfort, emotional distress, and humiliation. During this detention, officers threatened arrest if Plaintiff did not produce identification, even though no lawful grounds existed to demand compliance.

27. Defendants lacked reasonable suspicion or probable cause. The absence of state-issued registration plates on a privately owned vehicle, not engaged in commerce, does not establish a criminal violation or justify detention (Terry v. Ohio, 392 U.S. 1 (1968)).

28. Plaintiff's mere act of walking away to stretch his prosthetic limb cannot be deemed evasive or unlawful conduct. No contraband, criminal activity, or warrants were at issue.

29. Defendants' actions were objectively unreasonable and contrary to clearly established constitutional law, thus precluding qualified immunity (Harlow v. Fitzgerald, 457 U.S. 800 (1982)).

30. Defendants penalized Plaintiff for asserting his constitutional rights—requesting a supervisor (a form of petition), exercising the right to remain silent, and recording police activity—all protected under the First Amendment.

31. By detaining and arresting Plaintiff after he exercised these rights, Defendants engaged in unlawful retaliation designed to chill the exercise of protected speech and conduct.

### H. Denial of Due Process and Equal Protection

32. Defendants deprived Plaintiff of liberty without due process by detaining and arresting him absent any lawful justification, violating the Fourteenth Amendment.

33. Defendants failed to accommodate Plaintiff's disability-related need to stretch his prosthetic limb, demonstrating deliberate indifference and depriving Plaintiff of equal protection under the law.

### I. Harm Suffered by Plaintiff

34. As a direct and proximate result of Defendants' actions, Plaintiff suffered: a. Unlawful deprivation of liberty. b. Physical discomfort and pain from unnecessary handcuffing. c. Emotional distress, humiliation, and mental anguish. d. Violation of constitutional rights protected by the First, Fourth, and Fourteenth Amendments. e. Interference with professional obligations and reputation. f. Fear and anxiety regarding future interactions with law enforcement.

---

## V. CLAIMS FOR RELIEF

### COUNT I: Unlawful Seizure and False Arrest (Fourth Amendment, 42 U.S.C. § 1983)

35. Plaintiff realleges and incorporates by reference all preceding paragraphs.

36. Defendants, acting under color of state law, unlawfully seized and arrested Plaintiff without reasonable suspicion or probable cause, violating Plaintiff's Fourth Amendment rights (applicable to the states through the Fourteenth Amendment).

37. Defendants' acts and omissions were intentional, reckless, and exhibited deliberate indifference to Plaintiff's constitutional safeguards.

38. As a result, Plaintiff suffered the harm described above.

**COUNT II: Excessive Force (Fourth Amendment, 42 U.S.C. § 1983)**

39. Plaintiff realleges and incorporates by reference all preceding paragraphs.

40. Defendants used objectively unreasonable force, including handcuffing and physical restraint, despite the absence of any threat or resistance, violating Plaintiff's Fourth Amendment rights (Graham v. Connor, 490 U.S. 386 (1989)).

41. Defendants' conduct was willful, wanton, and reckless, causing physical and emotional harm to Plaintiff.

42. As a result, Plaintiff suffered the harm described above.

**COUNT III: Retaliation (First Amendment, 42 U.S.C. § 1983)**

43. Plaintiff realleges and incorporates by reference all preceding paragraphs.

44. Plaintiff's protected activities included requesting a supervisor, exercising the right to remain silent, and recording law enforcement conduct (Glik v. Cunniffe, 655 F.3d 78 (1st Cir. 2011)).

45. Defendants retaliated against Plaintiff by detaining, arresting, and using excessive force to punish Plaintiff for exercising these rights, thereby chilling the exercise of constitutionally protected activities.

46. As a result, Plaintiff suffered the harm described above.

**COUNT IV: Violation of Due Process and Equal Protection (Fourteenth Amendment, 42 U.S.C. § 1983)**

47. Plaintiff realleges and incorporates by reference all preceding paragraphs.

48. Defendants deprived Plaintiff of liberty without due process of law by effecting detention and arrest in the absence of lawful grounds.

49. Defendants' refusal to accommodate Plaintiff's disability and their targeting of Plaintiff without any legitimate suspicion violated the Equal Protection Clause of the Fourteenth Amendment.

50. Defendants' actions were deliberately indifferent to Plaintiff's constitutional rights.

51. As a result, Plaintiff suffered the harm described above.

**COUNT V: Monell Claim – Unconstitutional Policy, Practice, or Custom (42 U.S.C. § 1983)**

52. Plaintiff realleges and incorporates by reference all preceding paragraphs.

53. The City of Hood River, through its final policymakers, developed and maintained policies, practices, or customs exhibiting deliberate indifference to the constitutional rights of individuals.

54. These policies include inadequate training and supervision of officers on lawful detentions, use of force, respecting First Amendment activities, and accommodating individuals with disabilities.

55. By failing to correct known misconduct or retrain officers known to have engaged in unconstitutional behavior, the City's deliberate indifference was a moving force behind the violations Plaintiff suffered.

56. As a result of the City's policies, practices, or customs, Plaintiff suffered the harm described above.

---

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants, jointly and severally, and grant the following relief:

### A. Compensatory Damages:

An award of compensatory damages in an amount to be determined at trial, sufficient to compensate Plaintiff for physical pain, emotional distress, humiliation, mental anguish, lost professional opportunities, and other harms caused by Defendants' unlawful conduct.

### B. Punitive Damages:

An award of punitive damages against the individual Defendants to punish and deter willful, wanton, and reckless disregard for Plaintiff's constitutional rights.

### C. Declaratory Relief:

A declaration that Defendants' acts, policies, practices, and customs violated Plaintiff's rights under the Fourth, First, and Fourteenth Amendments.

### D. Injunctive Relief:

An order requiring the City of Hood River to implement policies, practices, and training to prevent future constitutional violations, including:

1. Training on constitutional standards for detentions, arrests, and use of force.

2. Training on respecting individuals' First Amendment rights, including the right to record police activity.

3. Training on interactions with individuals with disabilities, in compliance with the ADA.

E. **Litigation Fees and Costs:**

An award of litigation fees, litigation expenses, and costs pursuant to 42 U.S.C. § 1988 and other applicable laws.

F. **Pre- and Post-Judgment Interest:**

As permitted by law, awarding interest on all monetary recoveries.

G. **Any Other Relief:**

Such other and further relief as this Court deems just and proper.

## VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable as a matter of right, pursuant to the Seventh Amendment to the United States Constitution and Federal Rule of Civil Procedure 38.

DATED: December 6, 2024.

Respectfully submitted,

/s/ Cameron James Wilson

**Cameron James Wilson, Pro Se**

1312 South 44th Avenue

Yakima, WA 98908

Email: cam@tlatoani-machi.com

Telephone: (503) 496-9239

---

**Legal Citations:**

- 42 U.S.C. § 1983; 42 U.S.C. § 1988
- Fourth Amendment; First Amendment; Fourteenth Amendment
- Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)
- Ashcroft v. Iqbal, 556 U.S. 662 (2009)
- Terry v. Ohio, 392 U.S. 1 (1968)
- Graham v. Connor, 490 U.S. 386 (1989)
- Glik v. Cunniffe, 655 F.3d 78 (1st Cir. 2011)
- Pennsylvania v. Mimms, 434 U.S. 106 (1977)
- Harlow v. Fitzgerald, 457 U.S. 800 (1982)
- Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978)

**[End of Complaint]**