Kenneth S. Montoya, OSB #064467
*kenny@montoyalaw.org*
Keegan C. Murphy
*keegan@montoyalaw.org*
Montoya Law
350 Mission St. SE, Suite 202
Salem, OR 97302
   Telephone: (503) 990-8436
   Fax: (503) 878-8598
     Attorneys for Defendants

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| CAMERON WILSON,<br><br>        Plaintiff,<br><br>        v.<br><br>CITY OF HOOD RIVER, a municipal corporation; Officer Emelike Delancy, in his individual capacity; Officer Austin Griffin, in his individual capacity; Officer Ryan Jundt, in his individual capacity,<br><br>        Defendants. | Case No. 3:24-cv-2033-HZ<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** |

For their Answer to Plaintiff's Complaint, the City of Hood River, Sergeant Emelike Delancy (formerly Officer Delancy), Officer Austin Griffin, and Officer Ryan Jundt ("Defendants") hereby admit, deny and allege as outlined below. **Except as expressly admitted below, Defendants deny each and every one of the allegations in Plaintiff's Complaint as well as the whole thereof.**

Page 1 – **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

1.

Paragraph 1 does not allege any facts to which an admission or denial would be appropriate. To the extent that Paragraph 1 is construed as containing any allegations to which an admission or denial is required, Defendants deny them.

2.

Paragraph 2 does not allege any facts to which an admission or denial would be appropriate. To the extent that Paragraph 2 is construed as containing any allegations to which an admission or denial is required, Defendants deny them.

3.

Paragraph 3 does not allege any facts to which an admission or denial would be appropriate. To the extent that Paragraph 3 is construed as containing any allegations to which an admission or denial is required, Defendants deny them.

4.

Admit that Defendants are domiciled and employed in the State of Oregon and that the events giving rise to this action occurred in Hood River, Oregon. The remaining allegations in Paragraph 4 consist solely of legal conclusions to which no admission or denial would be appropriate. To the extent that Paragraph 4 is construed as containing any allegations to which an admission or denial is required, Defendants deny them.

5.

Admit that the events giving rise to this action occurred in Hood River, Oregon. The remaining allegations in Paragraph 5 consist solely of legal conclusions to which no admission or denial would be appropriate. To the extent that Paragraph 5 is construed as containing any allegations to which an admission or denial is required, Defendants deny them.

6.

Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph 6 and therefore deny them.

7.

Defendants lack sufficient information to form a belief as to the truth of Plaintiff's allegations in Paragraph 7 about where Plaintiff is domiciled and therefore deny them. Defendants deny the remaining allegations in Paragraph 7.

8.

Admit that the City of Hood River is a municipal corporation organized under the laws of the State of Oregon as alleged in Paragraph 8. Deny the remaining allegations in Paragraph 8.

9.

Admit that Sergeant Delancy is a police officer employed by the Hood River Police Department as alleged in Paragraph 9. Deny the remaining allegations in Paragraph 9.

10.

Admit that Officer Griffin is a police officer employed by the Hood River Police Department as alleged in Paragraph 10. Deny the remaining allegations in Paragraph 10.

11.

Admit that Officer Jundt is a police officer employed by the Hood River Police Department as alleged in Paragraph 11. Deny the remaining allegations in Paragraph 11.

12.

Admit that on or about December 10, 2022, at approximately 10:02 a.m., Plaintiff was operating his vehicle without registration plates on Oak Street in Hood River as alleged in Paragraph 12. Defendants lack sufficient information to form a belief as to the truth of

Plaintiff's allegations that he is an amputee who must stretch and adjust his prosthetic limb to maintain comfort and functionality as alleged in Paragraph 12. Defendants deny the remaining allegations in Paragraph 12.

13.

Admit paragraph 13.

14.

Admit paragraph 14.

15.

Admit that Plaintiff exited his vehicle after he was stopped and began walking westbound on the north sidewalk of State Street as alleged in Paragraph 15. Defendants lack sufficient information to form a belief as to the truth of Plaintiff's allegations regarding his motivations for exiting the vehicle or walking away in Paragraph 15. Deny the remaining allegations in Paragraph 15.

16.

Admit that Officer Griffin suspected that Plaintiff was attempting to elude the officers on foot as alleged in Paragraph 16. Deny the remaining allegations in Paragraph 16.

17.

Admit that Officer Griffin approached Plaintiff, asked him to show his hands for officer safety, and that Plaintiff promptly complied as alleged in Paragraph 17. Deny the remaining allegations in Paragraph 17.

18.

Admit that Officer Griffin told Plaintiff that he wanted to have a conversation about his vehicle having no registration plates. Deny the remaining allegations in Paragraph 18.

19.

Admit that Plaintiff told Officer Griffin he did not want to have a conversation and that Officer Griffin would have to prove that he was driving on the road in a commercial capacity as alleged in Paragraph 19. Deny the remaining allegations in Paragraph 19.

20.

Admit that Plaintiff asked Officer Griffin to get his sergeant, and that Officer Griffin responded that it would be a moment as alleged in Paragraph 20. Deny the remaining allegations in Paragraph 20.

21.

Admit Paragraph 21.

22.

Deny Paragraph 22.

23.

Admit that Plaintiff was not issued a citation or ticket for any infraction as alleged in Paragraph 23. Deny the remainder of Paragraph 23.

24.

Admit that Sergeant Delancy and Officer Jundt gently placed Plaintiff into handcuffs. Deny the remaining allegations in Paragraph 24.

25.

Admit that Officer Delancy confiscated Plaintiff's phone as alleged in Paragraph 25. Deny the remaining allegations in Paragraph 25.

26.

Admit that Plaintiff was detained for approximately six minutes as alleged in Paragraph 26. Deny the remaining allegations in Paragraph 26.

27.

Paragraph 27 consists solely of legal conclusions to which no admission or denial is appropriate. To the extent that any allegation in Paragraph 27 is construed as requiring an admission or denial, deny Paragraph 27.

28.

Paragraph 28 consists solely of legal conclusions to which no admission or denial is appropriate. To the extent that any allegation in Paragraph 27 is construed as requiring an admission or denial, deny Paragraph 28.

29.

Paragraph 29 consists solely of legal conclusions to which no admission or denial is appropriate. To the extent that any allegation in Paragraph 27 is construed as requiring an admission or denial, deny Paragraph 29.

30.

Deny paragraph 30.

31.

Deny Paragraph 31.

32.

Deny the allegations in Paragraphs 32 through Paragraph 56.

33.

Deny that Plaintiff is entitled to any of the relief requested in his complaint.

Having answered Plaintiff's allegations, Defendant further alleges affirmative defenses as follows:

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

12.

Plaintiff's complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

(Qualified Immunity)

13.

The actions taken by Defendants were at all times taken in good faith and Defendants did not knowingly violate any rights of Plaintiff such that they are entitled to qualified immunity.

## THIRD AFFIRMATIVE DEFENSE

(Probable Cause)

14.

Defendant's actions were lawfully taken based on probable cause to believe that Plaintiff had committed a crime and/or traffic violation.

## FOURTH AFFIRMATIVE DEFENSE

(Reasonable Suspicion)

14.

Defendant's actions were lawfully taken based on reasonable suspicion to believe that Plaintiff had committed a crime.

Page 7 – **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

### FIFTH AFFIRMATIVE DEFENSE

(Officer Safety)

15.

Defendant's actions were lawfully taken based on his reasonable and legitimate belief that it was necessary to detain Plaintiff to protect his own safety.

### SIXTH AFFIRMATIVE DEFENSE

(Only Reasonable Force Used)

16.

Any physical force used by Defendant was reasonable and justified based upon the circumstances and in response to Plaintiff's actions.

**WHEREFORE**, having fully responded to Plaintiff's Complaint, Defendant requests judgment in his favor and against Plaintiff with an award of costs and attorney fees as the prevailing party under 42 U.S.C. § 1988.

### DEFENDANTS RESPECTFULLY DEMAND A JURY TRIAL

DATED this 22nd day of January, 2025.

Keegan C. Murphy, OSB #194264
Kenneth S. Montoya, OSB #064467
Attorneys for Defendants

Page 8 – **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT on:

Cameron Wilson
1312 South 44th Avenue
Yakima, Washington 98908
   Pro Se

by the following indicated method or methods:

☒   by **electronic means through the Court's Case Management/Electronic Case File system** on the date set forth below;

   by **emailing** a copy thereof to each attorney at each attorney's last-known email address on the date set forth below;

   by **mailing** a full, true, and correct copy thereof in a sealed, first-class postage-prepaid envelope, addressed to plaintiff's last-known address listed above and depositing it in the U.S. mail at Salem, Oregon on the date set forth below.

DATED this 22nd day of January, 2025.

_____
Keegan C. Murphy, OSB #194264
Kenneth S. Montoya, OSB #064467
Attorneys for Defendants