**Cameron James Wilson, In Propria Persona**

1312 South 44th Avenue

Yakima, WA 98908

Email: cam@tlatoani-machi.com

Telephone: (503) 496-9239

# UNITED STATES DISTRICT COURT
# DISTRICT OF OREGON, PORTLAND DIVISION

**Cameron James Wilson, In Propria Persona**

Plaintiff,

v.

**City of Hood River**, a municipal corporation;

**Officer Emelike Delancy**, in his individual capacity;

**Officer Austin Griffin**, in his individual capacity;

**Officer Ryan Jundt**, in his individual capacity;

Defendants.

**Case No.: 3:24-cv-02033-HZ**

# PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT
*Fed. R. Civ. P. 55(a)*

**Plaintiff**, **Cameron James Wilson**, respectfully moves this Court, under Rule 55(a) of the Federal Rules of Civil Procedure, for an entry of default against all Defendants. Despite being duly served with the Amended Complaint and afforded ample opportunity to respond, Defendants have wholly failed to plead or otherwise defend this action, thus forfeiting any right to contest liability. In light of Defendants' egregious noncompliance and the clear mandate of the Federal Rules, Plaintiff

requests that the Court (or the Clerk, if so designated) enter default forthwith.

# I. BACKGROUND

1. **Commencement and Service.** On or about December 12, 2024, Plaintiff filed the initial Complaint in this matter, alleging violations of Plaintiff's constitutional rights under 42 U.S.C. §1983. Thereafter, on or about February 3, 2025, Plaintiff exercised the right under Rule 15(a)(1) to file an *Amended Complaint*, introducing additional factual allegations and a claim of kidnapping/unlawful imprisonment. Copies of the Amended Complaint were served upon Defendant, as evidenced by the filed proofs of service. No Defendant has moved, answered, or otherwise responded as of the date of this Motion.

2. **Applicable Deadline for Response.** Pursuant to *FRCP* 15(a)(3), Defendants had fourteen (14) days from service of the Amended Complaint to file a responsive pleading.[1] Despite the expiration of that deadline, Defendants have not filed any Answer or Rule 12 motion, nor have they sought an extension of time. Consequently, the docket remains devoid of any defense or appearance from Defendants.

3. **Failure to Defend.** Since receiving service, Defendants have demonstrated a conscious and willful disregard for these proceedings by failing to respond in any manner. Plaintiff sent courtesy communications to defense counsel reiterating the need to respond or risk default, but these attempts to avert further judicial action went unheeded. The totality of Defendants' inaction underscores their complete refusal to engage with the judicial process.

# II. LEGAL STANDARD

1. **Entry of Default under Rule 55(a).** Rule 55(a) provides that the clerk *"must enter the party's default"* upon a showing that a defendant *"failed to plead or otherwise defend"* as required by the Federal Rules of Civil Procedure.[2] Courts have held that an amended complaint supersedes

---

[1] Fed. R. Civ. P. 15(a)(3).
[2] Fed. R. Civ. P. 55(a).

the original, thereby obligating defendants to submit an updated responsive pleading.[3] Failure to do so compels entry of default where no credible explanation or excusable neglect is offered.

2. **Effect of Default.** Once default is entered, the well-pleaded factual allegations of the complaint (aside from those relating to damages) are deemed admitted.[4] A defendant's silence amounts to a concession that liability exists. This principle ensures that a party who willfully refuses to defend cannot frustrate the plaintiff's pursuit of relief by mere inaction.

## III. ARGUMENT

1. **Defendants Are in Direct Violation of Rule 15(a)(3) and 12(a).** Under Rule 15(a)(3), Defendants must file an answer or responsive motion within 14 days of service of an amended complaint.[5] Moreover, Rule 12(a) generally provides 21 days from service of the original complaint if no extension is granted.[6] Yet, the controlling rule here is 15(a)(3), as the Amended Complaint superseded the original. By allowing the 14-day period to lapse without any filing, Defendants have violated a core procedural mandate. The Ninth Circuit has recognized that "a party that fails to answer an amended complaint within the prescribed period *is subject to entry of default*."[7]

2. **Their Inaction is Willful and Devoid of Excusable Neglect.** Willfulness is evident where a defendant has actual knowledge of the suit but makes a conscious choice to disregard it.[8] No attempt has been made by Defendants to communicate with Plaintiff or the Court, request an extension, or provide a justification for delay. This is not a mere oversight but a deliberate abdication of their duty to respond, constituting *egregious noncompliance*. Federal courts routinely enter default where silence indicates a strategy to evade accountability.[9]

---

[3] *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015); *Mink v. Suthers*, 482 F.3d 1244, 1254 (10th Cir. 2007).
[4] *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).
[5] Fed. R. Civ. P. 15(a)(3).
[6] Fed. R. Civ. P. 12(a)(1)(A).
[7] *Ringgold Corp. v. Worrall*, 880 F.2d 1138, 1141 (9th Cir. 1989).
[8] *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697–98 (9th Cir. 2001).
[9] *Mink*, 482 F.3d at 1254; *Diamond State Ins. Co. v. Re*, 2012 WL 12897050, at *2 (S.D. Ga. 2012).

3. **No Meritorious Defense Can be Presumed.** Defendants' complete non-participation forecloses the possibility of a meritorious defense. Courts hold that to vacate or avoid default, a defendant must articulate a plausible defense and show excusable neglect.[10] Here, Defendants have advanced no defense whatsoever. In fact, by failing to respond, they effectively concede the allegations in the Amended Complaint. The law does not permit them to circumvent these consequences by remaining silent indefinitely.

4. **Entry of Default Serves the Interests of Justice.** Default is not granted lightly, but it is the prescribed remedy when a defendant willfully abandons its right to contest liability.[11] Plaintiff has observed the procedural rules meticulously and even attempted to foster settlement discussions, all to no avail. Defendants' refusal to engage is a paradigmatic case for entry of default, ensuring that Plaintiff may proceed to default judgment and secure relief without further obstruction. Any other approach would reward Defendants' stalling tactics and undermine the orderly administration of justice.

# IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Clerk *immediately* enter default against Defendants under Rule 55(a). Defendants were duly served, failed to plead, and remain in clear default without excuse. This Court should thus formalize their default and permit Plaintiff to move promptly for default judgment under Rule 55(b).

**Respectfully submitted on this 11th day of March, 2025.**

**/s/ Cameron James Wilson**
**Cameron James Wilson, In Propria Persona**
1312 South 44th Avenue
Yakima, WA 98908
Email: cam@tlatoani-machi.com
Telephone: (503) 496-9239

---

[10] *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984).
[11] *Geddes*, 559 F.2d at 560.

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **MOTION FOR ENTRY OF DEFAULT** on:

**Keegan C. Murphy, OSB #194264**
**Kenneth S. Montoya, OSB #064467**
**Montoya Law**
350 Mission St. SE, Suite 202
Salem, OR 97302
Telephone: (503) 990-8436
Fax: (503) 878-8598
Emails: `kenny@montoyalaw.org`, `keegan@montoyalaw.org`
Attorneys for Defendants


by the following indicated method or methods:

☒ by electronic means through the Court's Case Management/Electronic Case File system on the date set forth below;
☐ by emailing a copy thereof to each attorney at each attorney's last-known email address on the date set forth below;
☐ by mailing a full, true, and correct copy thereof in a sealed, first-class postage-prepaid envelope, addressed to Plaintiff's last-known address listed above and depositing it in the U.S. mail at Salem, Oregon on the date set forth below.

**DATED this 11th day of March, 2025.**


**/s/ Cameron James Wilson**
**Cameron James Wilson, In Propria Persona**
1312 South 44th Avenue
Yakima, WA 98908
Email: cam@tlatoani-machi.com
Telephone: (503) 496-9239