Kenneth S. Montoya, OSB #064467
*kenny@montoyalaw.org*
Keegan C. Murphy
*keegan@montoyalaw.org*
Montoya Law
350 Mission St. SE, Suite 202
Salem, OR 97302
   Telephone: (503) 990-8436
   Fax: (503) 878-8598
   Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| CAMERON WILSON, | Case No. 3:24-cv-2033-HZ |
| Plaintiff, | |
| v. | **DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT** |
| CITY OF HOOD RIVER, a municipal corporation; Officer Emelike Delancy, in his individual capacity; Officer Austin Griffin, in his individual capacity; Officer Ryan Jundt, in his individual capacity, | |
| Defendants. | |

For their Answer to Plaintiff's Amended Complaint, the City of Hood River, Sergeant Emelike Delancy (formerly Officer Delancy), Officer Austin Griffin, and Officer Ryan Jundt ("Defendants") hereby admit, deny and allege as outlined below.  **Except as expressly admitted below, Defendants deny each and every one of the allegations in Plaintiff's Complaint as well as the whole thereof.**

Page 1 – **DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

**INTRODUCTION**

Plaintiff's Introduction section does not allege any facts to which an admission or denial would be appropriate. To the extent that the section is construed as containing any allegations to which an admission or denial is required, Defendants deny them.

**JURISDICTION AND VENUE**

1.

Paragraph 1 does not allege any facts to which an admission or denial would be appropriate. To the extent that Paragraph 1 is construed as containing any allegations to which an admission or denial is required, Defendants deny them.

2.

Paragraph 2 does not allege any facts to which an admission or denial would be appropriate. To the extent that Paragraph 2 is construed as containing any allegations to which an admission or denial is required, Defendants deny them.

3.

Defendants admit that the events giving rise to Plaintiff's claim occurred in Hood River, Oregon. Otherwise, Paragraph 3 does not allege any facts to which an admission or denial would be appropriate. To the extent that Paragraph 3 is construed as containing any allegations to which an admission or denial is required, Defendants deny them.

4.

Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph 4 and therefore denies them.

5.

Defendants admit that the City of Hood is a municipal corporation organized under the laws of the State of Oregon. The remaining allegations in Paragraph 5 consist solely of legal conclusions to which an admission or denial would not be appropriate. To the extent that the remainder of Paragraph 5 is construed as containing any allegations to which an admission or denial is required, Defendants deny them.

6.

In response to Paragraphs 6 through 8, Defendants admit that Officer Emelike Delancy, Officer Austin Griffin, and Officer Ryan Jundt are employed by the Hood River Police Department. The remaining allegations in Paragraphs 6 through 8 consist solely of legal conclusions to which an admission or denial would not be appropriate. To the extent that the remainders of Paragraphs 6 through 8 are construed as containing any allegations to which an admission or denial is required, Defendants deny them.

**STATEMENT OF FACTS**

7.

In response to Paragraphs 1 and 2, Defendants admit.

8.

In response to Paragraph 3, Defendants admit that they noticed that Plaintiff's vehicle did not have valid Oregon license plates and stopped him after exiting the vehicle. Otherwise, deny.

9.

In response to Paragraphs 4 through 6, Defendants admit.

Page 3 – **DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

10.

In response to Paragraph 7, Defendants admit that Plaintiff requested a supervising

officer and that, because one was not available, no supervising officer was brought to the scene.

11.

In response to Paragraph 8 through 13, Defendants admit.

12.

In response to Paragraphs 14 through 15, Defendants deny that they only provided partial

identification.

13.

In response to Paragraph 16, admit that Sergeant Delancy and Officer Jundt gently placed

Plaintiff into handcuffs.  Deny the remaining allegations in Paragraph 16.

14.

In response to Paragraph 17, Admit that Officer Delancy confiscated Plaintiff's

phone.  Deny the remaining allegations in Paragraph 17.

15.

In response to Paragraph 18, Defendants admit.

16.

In response to Paragraph 19, Defendants admit that Plaintiff was handcuffed.  Defendant

deny the remaining allegations in Paragraph 19.

17.

In response to Paragraph 20, Defendants admit.

18.

In response to Paragraph 21, Defendants admit.

19.

In response to Paragraph 21, Defendants admit.

20.

In response to Paragraph 23, Defendants deny.

21.

In response to Paragraph 24, Defendants deny.

22.

In response to Paragraph 25, Defendants admit that Sergeant Emelike advised Plaintiff that he cannot cover his VIN number.  Deny the remainder of Paragraph 25.

23.

In response to Paragraph 26, Defendants admit.

24.

In response to Paragraph 27, Defendants admit.

25.

In response to Paragraph 28, Defendants admit that Plaintiff that the body camera was active.  Defendants deny the remainder of Paragraph 28.

26.

In response to Paragraphs 29 and 30, Defendants admit.

27.

In response to Paragraph 31, Defendants deny.

28.

In response to Paragraphs 32 and 33, Defendants admit.

Page 5 – **DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

29.

In response to Paragraph 34 and 35, Defendants deny.

30.

In response to Paragraph 36, Defendants admit that Plaintiff said he was traveling, not for hire.

31.

In response to Paragraph 37, Defendants deny.

32.

In response to Paragraph 38, Defendants deny.

33.

In response to Paragraph 39, Defendants deny.

34.

In response to Paragraph 40, Defendants deny.

35.

In response to Paragraph 41 and 47, Defendants admit.

36.

In response to Paragraph 48, Defendants deny.

37.

In response to Paragraphs 49 through 54, Defendants admit.

38.

In response to Paragraph 55, Defendants admit that Plaintiff provided his name and birth date.  Defendants deny the remaining allegations in Paragraph 55.

39.

In response to Paragraph 56, Defendants admit that Officer Emelike described Plaintiff's behavior as passive aggressive. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 56 and therefore deny them.

40.

In response to Paragraphs 57 through 60, Defendants admit.

41.

In response to Paragraph 61, Defendants deny.

42.

In response to Paragraphs 62 through 66, Defendants admit.

43.

In response to Paragraph 67, Defendants admit that Sergeant Delancy told Plaintiff that his phone was in his jacket pocket, but deny that they ever intentionally or knowingly stopped any recording or acknowledged as much.

44.

In response to Paragraph 68, Defendants admit.

45.

In response to Paragraphs 69 through 71, Defendants deny.

46.

In response to Paragraph 72, Defendants admit.

47.

In response to Paragraph 73, Defendants admit that Plaintiff said he was neither transporting goods or passengers for hire. Defendants deny the remainder of Paragraph 73.

Page 7 – **DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

48.

In response to Paragraphs 74 through 78, Defendants admit.

49.

In response to Paragraph 79, admit that Plaintiff made some general references to the legal concepts of jurisdiction and consent. Defendants deny the remainder of the allegations in Paragraph 79.

50.

Paragraph 80 is unintelligible as drafted and therefore Defendants deny it.

51.

In response to Paragraphs 81 through 84, Defendants admit.

52.

In response to Paragraph 85, Defendants deny.

53.

In response to Paragraphs 86 through 90, Defendants admit.

**CLAIMS FOR RELIEF**

54.

Defendants deny all allegations in Plaintiff's "Claims for Relief" section.

**PRAYER FOR RELIEF**

55.

Defendants deny that Plaintiff is entitled to any of the relief requested.

Having answered Plaintiff's allegations, Defendant further alleges affirmative defenses as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

### 12.

Plaintiff's complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Qualified Immunity)

### 13.

The actions taken by Defendants were at all times taken in good faith and Defendants did not knowingly violate any rights of Plaintiff such that they are entitled to qualified immunity.

## THIRD AFFIRMATIVE DEFENSE

### (Probable Cause)

### 14.

Defendant's actions were lawfully taken based on probable cause to believe that Plaintiff had committed a crime and/or traffic violation.

## FOURTH AFFIRMATIVE DEFENSE

### (Reasonable Suspicion)

### 14.

Defendant's actions were lawfully taken based on reasonable suspicion to believe that Plaintiff had committed a crime.

**FIFTH AFFIRMATIVE DEFENSE**

(Officer Safety)

15.

Defendant's actions were lawfully taken based on his reasonable and legitimate belief that it was necessary to detain Plaintiff to protect his own safety.

**SIXTH AFFIRMATIVE DEFENSE**

(Only Reasonable Force Used)

16.

Any physical force used by Defendant was reasonable and justified based upon the circumstances and in response to Plaintiff's actions.

**WHEREFORE**, having fully responded to Plaintiff's Complaint, Defendant requests judgment in his favor and against Plaintiff with an award of costs and attorney fees as the prevailing party under 42 U.S.C. § 1988.

**DEFENDANTS RESPECTFULLY DEMAND A JURY TRIAL**

DATED this 11th day of March, 2025.

Keegan C. Murphy, OSB #194264
Kenneth S. Montoya, OSB #064467
Attorneys for Defendants

Page 10 –  **DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

**CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing DEFENDANTS' ANSWER TO PLAINTIFF'S

COMPLAINT on:

> Cameron Wilson
> 1312 South 44th Avenue
> Yakima, Washington 98908
>     Pro Se

by the following indicated method or methods:

☒      by **electronic means through the Court's Case Management/Electronic Case File system** on the date set forth below;

by **emailing** a copy thereof to each attorney at each attorney's last-known email address on the date set forth below;

by **mailing** a full, true, and correct copy thereof in a sealed, first-class postage-prepaid envelope, addressed to plaintiff's last-known address listed above and depositing it in the U.S. mail at Salem, Oregon on the date set forth below.

DATED this 11th day of March, 2025.

Keegan C. Murphy, OSB #194264
Kenneth S. Montoya, OSB #064467
Attorneys for Defendants

CERTIFICATE OF SERVICE