**Cameron James Wilson, In Propria Persona**

1312 South 44th Avenue

Yakima, WA 98908

Email: cam@tlatoani-machi.com

Telephone: (503) 496-9239

# UNITED STATES DISTRICT COURT
# DISTRICT OF OREGON – PORTLAND DIVISION

**Cameron James Wilson, In Propria Persona**

Plaintiff,

v.

**City of Hood River**, a municipal corporation;
**Officer Emelike Delancy**, in his individual capacity;
**Officer Austin Griffin**, in his individual capacity;
**Officer Ryan Jundt**, in his individual capacity;
Defendants.

**Case No.: 3:24-cv-02033-HZ**

# PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' ANSWER AS UNTIMELY AND FOR ENTRY OF DEFAULT

*(Fed. R. Civ. P. 12(f), 55(b))*

**Plaintiff**, **Cameron James Wilson**, In Propria Persona, respectfully moves this Honorable Court for an Order striking the Defendants' untimely Answer (ECF No. [15]) and entering default (or default judgment) in Plaintiff's favor under Fed. R. Civ. P. 55(b). Defendants filed their Answer on or about March 11, 2025, *long* after their deadline to respond to the Amended Complaint expired,

1

and without seeking any extension or demonstrating excusable neglect. In so doing, Defendants have effectively waived the right to defend. Allowing an out-of-time Answer at this stage would severely prejudice Plaintiff and contravene the Federal Rules' objectives. Consequently, the Court should strike Defendants' Answer as untimely and grant Plaintiff's request for default.

## I. FACTUAL AND PROCEDURAL BACKGROUND

1. **Plaintiff's Amended Complaint and Service.**

   On [*February 3, 2025*], Plaintiff filed an Amended Complaint (ECF No.13) against Defendants, adding allegations of kidnapping/unlawful imprisonment under 42 U.S.C. §1983. Plaintiff properly served all Defendants on or about that same date, obliging Defendants to respond within 14 days under Fed. R. Civ. P. 15(a)(3). Defendants neither answered nor moved for an extension by the February 17th deadline.

2. **Defendants' Late Filing.**

   Over a month later, on March 11, 2025, Defendants filed an "Answer to Plaintiff's Amended Complaint" (ECF No. 15) with no accompanying motion for leave to file out of time nor explanation for the significant delay. The text of this Answer acknowledges many factual aspects but is silent regarding their untimeliness.

3. **Prejudice to Plaintiff.**

   Plaintiff has been forced to expend resources and time preparing motions for default due to Defendants' disregard of clear procedural deadlines. No legitimate reason exists to excuse this tardiness, and any acceptance of the late Answer would unduly reward Defendants' dilatory tactics.

4. **Defendants' Failure to Respond to Paragraphs 42–46.**

   In addition to being untimely, Defendants' Answer fails to address the allegations in Paragraphs 42 through 46 of the Amended Complaint, which describe certain statements made by Officer Emelike and Plaintiff's responses regarding registration fees and the concept of private travel. Under Fed. R. Civ. P. 8(b)(6), any allegation not denied is deemed admitted. Because Defendants

omitted any admission or denial for Paragraphs 42–46, and provided no explanation for that omission, these critical allegations stand admitted, further indicating the Answer's inadequacy and underscoring the prejudice to Plaintiff.

## II. LEGAL STANDARDS

### A. Striking Untimely Pleadings (Fed. R. Civ. P. 12(f))

Under Rule 12(f), a court may strike from a pleading any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Although typically invoked for the substance of defenses, courts have also recognized their inherent power to strike an Answer filed out-of-time or otherwise noncompliant with the Federal Rules. *United States v. Dantzler*, No. 1:14-cv-01266, 2015 WL 5010591, at *2 (D. Or. Aug. 21, 2015). If Defendants do not show excusable neglect (Fed. R. Civ. P. 6(b)), their Answer must be stricken.

### B. Entry of Default or Default Judgment (Fed. R. Civ. P. 55)

A party who fails to timely plead or otherwise defend "against a claim for affirmative relief" is subject to default. Fed. R. Civ. P. 55(a). "Upon default, the well-pleaded allegations of the complaint relating to liability are taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). Courts in the Ninth Circuit evaluate motions for default judgment using the *Eitel* factors, among which is whether the defendant's default (or belated action) is excusable or prejudicial. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

## III. ARGUMENT

### A. The Answer is Untimely and Should be Stricken

1. **Failure to Obtain Leave or Show Excusable Neglect.**
   Defendants' time to answer Plaintiff's Amended Complaint expired on or about 14 days from service (Fed. R. Civ. P. 15(a)(3)), yet Defendants waited until March 11, 2025—an extended

period beyond their obligation—to file an Answer. They neither sought an extension under Rule 6(b)(1)(B), nor alleged facts demonstrating excusable neglect. Cf. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

2. **Prejudice to Plaintiff.**

    Plaintiff has devoted time and expense preparing for default. If the Court were to allow a tardy Answer with no justification, it would condone Defendants' failure to comply with straightforward deadlines, encouraging gamesmanship. Meanwhile, Plaintiff faces ongoing prejudice by not obtaining swift resolution or relief from the Court.

3. **No Good Cause for Delay.**

    Even if the Court were to construe Defendants' late Answer as a motion for an extension *nunc pro tunc*, Defendants must show good cause. Fed. R. Civ. P. 6(b)(1)(B). They have offered none. Courts in this District consistently strike out-of-time answers lacking any explanation. See, e.g., *Dantzler*, 2015 WL 5010591, at *3 (D. Or. Aug. 21, 2015) (striking answer as untimely where no excusable neglect was shown).

Accordingly, the Court should strike Defendants' entire Answer (ECF No. 15) as untimely and, in any event, insufficient for ignoring multiple critical paragraphs under Fed. R. Civ. P. 8(b)(6).

## B. Defendants' Delay Warrants Entry of Default or Default Judgment

Because Defendants did not timely respond and provided no justification for their delay, the next step is either the Clerk's Entry of Default (if not yet entered) or a direct motion for default judgment under Rule 55(b).

1. **Clerk's Entry of Default (Fed. R. Civ. P. 55(a)).**

    If no default has previously been entered, Plaintiff requests such an entry. Once the Clerk enters default, Plaintiff may move for default judgment. *Eitel*, 782 F.2d at 1471.

2. **Default Judgment (Fed. R. Civ. P. 55(b)(2)).**

    If the Clerk has already entered default (or the Court finds it appropriate to do so now), Plaintiff requests final default judgment. By ignoring the Amended Complaint until March

11, 2025, Defendants effectively admitted the well-pleaded allegations: (1) unconstitutional seizure and excessive force, (2) retaliation under the First Amendment, (3) kidnapping/unlawful imprisonment under color of law, and (4) a Monell-based municipal liability claim. *TeleVideo*, 826 F.2d at 917–18. Further, Defendants' refusal to address Paragraphs 42–46 leaves those allegations deemed admitted under Fed. R. Civ. P. 8(b)(6). This Court should thus treat liability as established. Damages can be proved up via Plaintiff's declarations and supporting evidence.

If the Court prefers, it may treat the present motion as a direct request for an Order of Default and an immediate hearing on damages for default judgment. In either scenario, the totality of the circumstances shows no reason to excuse Defendants' tardiness.

## IV. RELIEF REQUESTED

For the reasons stated, Plaintiff respectfully requests that this Court:

1. Strike Defendants' Answer (ECF No. 15) as untimely and noncompliant with Fed. R. Civ. P. 15(a)(3) and 6(b)(1)(B);

2. Enter default against Defendants under Fed. R. Civ. P. 55(a), or if default is already entered, proceed to default judgment under Fed. R. Civ. P. 55(b)(2);

3. Schedule (if necessary) a hearing or allow Plaintiff to submit affidavits/declarations to establish damages, injunctive relief, and any other remedy requested in the Amended Complaint;

4. Award Plaintiff such other and further relief as this Court deems just and proper, including costs and fees if applicable.

**Dated: March 11th, 2025**

**/s/ Cameron James Wilson**
**Cameron James Wilson, In Propria Persona**
1312 South 44th Avenue
Yakima, WA 98908
Email: cam@tlatoani-machi.com
Telephone: (503) 496-9239

# CERTIFICATE OF SERVICE

I hereby certify that on March 11th, 2025, I served or caused to be served a true and correct copy of the foregoing **Motion to Strike Defendants' Answer as Untimely and for Entry of Default** on:

**Kenneth S. Montoya, OSB #064467**
**Keegan C. Murphy, OSB #194264**
**Montoya Law**
350 Mission St. SE, Suite 202
Salem, OR 97302
Emails: `kenny@montoyalaw.org`, `keegan@montoyalaw.org`
Attorneys for Defendants

by the following indicated method(s):

- ☐ by electronic means through the Court's CM/ECF system;

- ☐ by emailing a copy thereof to counsel's last-known email addresses;

- ☐ by depositing a full, true, and correct copy in a sealed, first-class postage-prepaid envelope, addressed to said counsel, and placed in the U.S. mail at [*City, State*], on [*Date*].

**Dated: March 11th, 2025**

**/s/ Cameron James Wilson**
**Cameron James Wilson, In Propria Persona**