IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CAMERON JAMES WILSON,<br><br>                      Plaintiff,<br><br>     v.<br><br>CITY OF HOOD RIVER, a municipal corporation; Officer Emelike Delancy, in his individual capacity; Officer Austin Griffin, in his individual capacity; Officer Ryan Jundt, in his individual capacity,<br><br>                      Defendants. | 3:24-cv-02033-JR<br><br>ORDER |

RUSSO, Magistrate Judge:

      Pro se plaintiff, Cameron Wilson, brings this action against the City of Hood River and three of its police officers alleging violation of his Fourth Amendment rights along with other constitutional violations. Plaintiff initiated this action on December 6, 2024, and served defendants on December 23, 2024, and January 2, 2025. Defendants filed their answer on January 22, 2025. On February 3, 2025, plaintiff filed an amended complaint and on March 11, 2025, filed a motion for entry of default. Defendants filed an answer to the amended complaint later that day. Plaintiff moves to strike the answer as untimely and asks the Court to enter the requested default.

Page 1 –ORDER

Plaintiff failed to properly confer with defendants prior to filing the motion for entry of default.

> If the party against whom an order or judgment of default pursuant to Fed. R. Civ. P. 55 is sought has filed an appearance in the action, or has provided written notice of intent to file an appearance to the party seeking an order or judgment of default, then LR 7-1 and LR 83-8 apply, and the parties must make a good faith effort to confer before a motion or request for default is filed.

LR 55-1.

LR 7-1(a) requires the first paragraph of every motion to certify that the parties made a good faith effort through personal or telephone conferences to resolve the dispute and have been unable to do so. The court "may deny any motion that fails to meet [the] certification requirement." LR 7-1(a)(3); see, e.g., Inhale, Inc. v. Inhale, LLC, 2020 WL 6121942, at *4 (D. Or. Oct. 16, 2020) (denying motion for failure to comply with LR 7-1(a)); Baldwin v. Doe, 2016 WL 10649220, at *1 (D. Or. Oct. 31, 2016) (denying pro se plaintiff's motion for failure to comply with LR 7-1). Accordingly, plaintiff's motion for entry of default is denied for failure to properly meet and confer.[1]

Courts have analogized the filing of a late answer to the filing of a motion to set aside a default. See, e.g., McMillen v. J.C. Penney Co., Inc., 205 F.R.D. 557, 558 (D. Nev. 2002). Similarly, courts have treated motions to strike untimely answers as motions for entry of default and oppositions to such motions to strike as motions to set aside a default. See id. Generally, default may be entered by the clerk when a defendant has "failed to plead or otherwise defend" within the

---

[1] Plaintiff asserts, despite the failure to include a statement of conferral in the motion itself, that he did attempt to confer by voice message and email. However, "[t]he mere sending of a written, electronic, or voice-mail communication, [] does not satisfy a requirement ... [Instead,] this requirement can be satisfied only through direct dialogue and discussion—either in a face to face meeting or in a telephone conversation." Dairy v. Harry Shelton Livestock, LLC, 2020 WL 6269541, at *1 (N.D. Cal. Oct. 23, 2020); see also Williamson v. Munsen Paving LLC, 2010 WL 1063575, at *3 (D. Or. Mar. 2, 2010), *report and recommendation adopted*, 2010 WL 1224232 (D. Or. Mar. 19, 2010) ("[A]n exchange of emails, standing alone, does not satisfy Rule 7-1(a).").

time permitted. See Fed. R. Civ. P. 55(a). However, even where a defendant has failed to plead or defend within the time permitted, the Rules provide the court may set aside an entry of default for "good cause." Fed. R. Civ. P. 55(c).

What constitutes "good cause" under Rule 55(c) is within the sound discretion of the trial court. See FOC Fin. Ltd. P'ship v. Nat'l City Commercial Capital Corp., 612 F. Supp. 2d 1080, 1082 (D. Ariz. 2009). The Ninth Circuit has identified three factors important to the analysis: 1) the defendant's culpable conduct, 2) prejudice to the plaintiff, and 3) the defendant's meritorious defenses. See id. The burden in this analysis rests on the party seeking relief from default, and a sufficient finding against that party on any one factor negates "good cause." Id. However, the factors are to be "liberally interpreted" in favor of setting aside default. Id. Indeed, because the "philosophy of modern federal procedure favors trials on the merits," Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec, 854 F.2d 1538, 1547 (9th Cir. 1988), doubts as to the propriety of a default are usually resolved against the party seeking a default judgment. See Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985).

As a general rule, "[o]nly intentional conduct is sufficiently culpable to deny a motion to set aside default." FOC, 612 F. Supp. 2d at 1082. Defendants assert they failed to timely answer the amended complaint because they mistakenly believed that plaintiff needed leave of court to file the amended complaint based on counsel's practice primarily being in state court where once an answer has been filed, leave of court is necessary to file an amended complaint rather than allowing for an amendment within 21 days of the filing of an answer to an initial complaint as allowed in federal court. This unintentional mistake mitigates against striking the answer.

Plaintiff asserts prejudice because he has devoted time and expense in preparing the default motion. Notwithstanding the fact the failed attempts at conferral also contributed to plaintiff

Page 3 –ORDER

incurring "expense,"[2] incurring additional time and expense in litigating a case on the merits is not prejudice that precludes setting aside a procedural default. Hawkins v. Bank of America, 2018 WL 3426218 at *8 (S.D. Cal. July 16, 2018). This factor mitigates against striking the answer.

Further, defendants dispute plaintiff's contentions in the complaint and assert they had the authority to arrest and detain plaintiff and applied no more force than was necessary. Defendants also intend to demonstrate they were not motivated against plaintiff by any constitutionally protected right to speech or equal protection in their interactions with plaintiff, and that plaintiff was provided all process that was due. Defendants make a sufficient demonstration of a meritorious defense available to them. This factor further mitigates against striking the answer. Accordingly, plaintiff's motion to strike is denied.

## CONCLUSION

Plaintiff's motions for entry of default (ECF 14) and to strike the answer (16) are denied.

DATED this 22nd day of April, 2025.

                                           /s/ Jolie A. Russo
                                                   Jolie A. Russo
                                     United States Magistrate Judge

---

[2] Plaintiff is pro se, so it is unclear what expense plaintiff incurred in preparing and filing motion for entry of default. But the Court accepts that time expended in preparing the motion has a cost.

Page 4 –ORDER