Cameron James Wilson

Pro Se Plaintiff

1312 South 44th Avenue

Yakima, Washington 98908

503-496-9239

cam@piitp.com

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| CAMERON JAMES WILSON, | Case No. 3:24-cv-2033-JR |
| Plaintiff, | |
| v. | **DECLARATION OF** |
| CITY OF HOOD RIVER, et al., | **CAMERON JAMES WILSON** |
| Defendants. | |

I, Cameron James Wilson, declare under penalty of perjury pursuant to 28 U.S.C. § 1746:

# I. PERSONAL KNOWLEDGE AND PURPOSE

1. I am the plaintiff in this action and have personal knowledge of the events of December 10, 2022. I make this declaration to refute false statements in Defendants' Reply Brief.

# II. DEFENDANTS' FALSE STATEMENTS

**A. Cell Phone Confiscation**

2. Defendants falsely claim I "ended the recording" myself. This is perjury. Officer Delancy physically took my phone from my left hand while I was recording. Delancy admitted this under oath: "I took – yes. I took it out of...your left hand." Delancy Depo. 65:18-19. The video shows the phone being taken from my hand.

**B. My Cooperation**

3. Defendants falsely claim I was "not cooperative" and "ignored repeated commands." This directly contradicts their officers' sworn testimony. I was completely cooperative, respectful, and non-threatening throughout. Officers testified:

1

- Delancy: "Yes, he were. Absolutely. Absolutely." (cooperation) Delancy Depo. 64:7

- Delancy: "You were a gentleman at that point, absolutely." Delancy Depo. 64:9-10

- Delancy: "No. No, not at all. No." (resistance) Delancy Depo. 64:5

**C. VIN Concealment Theory**

4. During the encounter, Officer Delancy stated his justification was "obstruction of justice" – not VIN concealment. When I mentioned my VIN was covered for privacy and offered to "uncover it if you want," I was demonstrating willingness to comply and complete absence of criminal intent. My statement "I like to stay private" shows legitimate privacy preference, not intent to conceal vehicle identity for trafficking. This ORS 819.430 theory is post-hoc fabrication created after Delancy admitted his obstruction charge was "incorrect."

## III. KIDNAPPING AND FOURTEENTH AMENDMENT CLAIMS

5. Defendants claim I "failed to respond" to kidnapping and Fourteenth Amendment arguments. This is false. These claims are substantively identical to my unlawful seizure claims.

**Kidnapping Elements Established:**

- Unlawful seizure: Officers handcuffed and detained me

- Against my will: I was cooperative; seizure was involuntary

- Under color of law: Officers acting as Hood River police

- Without legal justification: Officers admitted no crime occurred and charge was "incorrect"

6. **Due Process Violation:** Officers' conduct "shocks the conscience" – detaining a citizen for politely requesting badge numbers, handcuffing a cooperative individual exercising constitutional rights, confiscating recording device, and making systematic false statements to federal court.

7. **Equal Protection Violation:** I was treated differently from other cooperative citizens based on exercising First Amendment rights. The 15-20 second timeline proves discriminatory intent. Griffin admitted: "It happened very quickly after he asked for badge numbers." Griffin Depo. 23:8-9. No rational basis exists for this differential treatment.

## IV. RETALIATION TIMELINE

8. The 15-20 second timeline between my request for badge numbers and detention is devastating proof of retaliation. Delancy testified: "I say about 15 seconds, maybe. 20, maybe." Delancy Depo. 63:12. In those 15-20 seconds, I

committed no crime, made no threats, showed no resistance. The only thing that changed was exercising my First Amendment right to request badge numbers.

## V. NO LAWFUL JUSTIFICATION

9. Officers admitted under oath:

- Delancy: "me telling Mr. Wilson it was for obstruction itself was incorrect. That was incorrect." Delancy Depo. 61:21-23

- Griffin: "Beyond what I've already stated, no. No crime past that point." Griffin Depo. 17:5-6

- Delancy: "To me, definitely not." (threat assessment) Delancy Depo. 45:20

10. These admissions prove no lawful authority existed for my detention, making it unlawful seizure, kidnapping under color of law, and violations of due process and equal protection.

## VI. GENUINE ISSUES REQUIRE JURY TRIAL

11. The systematic contradictions between defendants' false statements and officers' sworn testimony create credibility determinations only a jury can resolve. Summary judgment must be denied.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 28th, 2025, at Yakima, Washington.

/s/ Cameron James Wilson
Pro Se Plaintiff