Kenneth S. Montoya, OSB #064467
*kenny@montoyalaw.org*
Keegan C. Murphy
*keegan@montoyalaw.org*
Montoya Law
350 Mission St. SE, Suite 202
Salem, OR 97302
   Telephone: (503) 990-8436
   Fax: (503) 878-8598
Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| CAMERON WILSON,<br><br>        Plaintiff,<br><br>        v.<br><br>CITY OF HOOD RIVER, a municipal corporation; OFFICER EMELIKE DELANCY, in his individual capacity; OFFICER AUSTIN GRIFFIN, in his individual capacity; OFFICER RYAN JUNDT, in his individual capacity,<br><br>        Defendants. | Case No. 3:24-cv-2033-JR<br><br>**DEFENDANTS' RESPONSE TO SUR-REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |

**RESPONSE**

In his Sur-Reply in Opposition to Defendants' Motion for Summary Judgment Systematic Refutation and Criminal Referral (ECF No. 44) ("Sur-Reply"), Plaintiff offers little beyond the same baseless and conclusory assertions that he made in his response to Defendants' initial motion for summary judgment. As explained in further detail below, Plaintiff's response fails to meaningfully engage with or refute the various concerns that Defendants have twice now raised regarding his different claims. As a result, summary judgment remains appropriate.

Page 1 – **DEFENDANTS' RESPONSE TO SUR-REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

### I. Unlawful Arrest

Plaintiff first claims that Defendants' theory that they had probable cause to arrest him for violating ORS 819.430 is unavailing. Sur-Reply at 2. Plaintiff argues that nowhere in the police reports or the officers' statements during the stop did they mention unlawfully concealing his VIN number. *Id.* Thus, Plaintiff asserts, Defendants' argument regarding ORS 819.430 is a post-hoc justification for the Officers' actions that cannot form the lawful basis for an arrest, as the officers' subjective intentions at the time of an arrest govern the analysis under the Fourth Amendment. Plaintiff is wrong on both counts.

First, as a factual matter, the officers *did* raise the issue of Plaintiff's concealed VIN number during his traffic stop. Immediately after Plaintiff was placed into handcuffs, Sergeant Delancy specifically mentioned that it was unlawful for Plaintiff to conceal his VIN. Declaration of Emelike Delancy in Support of Defendants' Motion for Summary Judgment ("Delancy Decl.") Ex. A at 1:31 ("Your VIN is covered up. That you cannot do."). Moreover, in his report on the incident, Sergeant Delancy specifically mentioned observing that Plaintiff's VIN was unlawfully concealed. Declaration of Keegan Murphy in Support of Defendants' Response to Sur-Reply in Support of Motion for Summary Judgment ("Murphy Decl.") Ex. A at 7. It is simply untrue as Plaintiff claims that Sergeant Delancy was not thinking about the concealed VIN of the time of the arrest and came up with this argument later as an after-the-fact justification for his actions.

Second, even if Sergeant Delancy had not been subjectively motivated by a belief that there was probable cause to arrest Plaintiff for violating ORS 819.430, Plaintiff is also incorrect that the arrest would have violated the Fourth Amendment. Plaintiff cites to *Whren v. United States*, 517 U.S. 806, 116 S. Ct. 1769, 135 L.Ed.2d 89 (1996), and *Arkansas v. Sullivan*, 532 U.S. 769, 121 S. Ct. 1876, 149 L.Ed.2d 994 (2001), claiming that both stand for the proposition that an officers' subjective intent or actual motivation for an arrest matter in the constitutional

Page 2 – **DEFENDANTS' RESPONSE TO SUR-REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

analysis. Sur-Reply at 2. However, Plaintiff cites no quotation from either case to that effect because, in reality, both stand for the *exact opposite* point. *Whren* is actually the seminal case on this issue, where the United States Supreme Court held in no uncertain terms that "[s]ubjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis." 517 U.S. at 813. *Sullivan* reaffirms and restates that same holding. 532 U.S. at 772 (quoting *Whren*, 517 U.S. at 813). Then, as Defendants explained in their Reply in Support of Motion for Summary Judgment, future cases have applied that holding to situations exactly like this one:

> "[An officer's] subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause. As we have repeatedly explained, the fact that the officer does not have the state of mind which is hypothecated by the reasons which provide the legal justification for the officer's action does not invalidate the action taken as long as the circumstances, viewed objectively, justify that action"

*Devenpeck v. Alford*, 543 U.S. 146, 153, 125 S. Ct. 588, 160 L. Ed. 2d 537 (2004) (internal quotation marks omitted).

Plaintiff argues that *Devenpeck* is inapplicable here because "Defendants provide no evidence supporting probable cause for any criminal violation, including their fabricated ORS 819.430 theory." Sur-Reply at 5. However, there are entire sections in both Defendants' initial Motion for Summary Judgment ("Motion") (ECF No. 30) and Defendants' Reply in Support of Summary Judgment ("Reply") (ECF No. 39) dedicated to this exact point. Motion at 9; Reply at 2-3. As noted there, Sergeant Delancy observed while passing Plaintiff's vehicle that the VIN appeared to have been intentionally covered, as Plaintiff would later admit. Declaration of Sergeant Emelike Delancy ("Delancy Decl.") Decl. ¶ 12, Ex. A at 13:41 ("Sergeant Delancy: Do you have any paperwork for the car so I can see the VIN number so I can put that in? Plaintiff: "Yeah, yeah, yeah. And I can uncover it if you want but I like to stay private."). At the same time, Sergeant Delancy observed that Plaintiff was attempting to conceal other information about the vehicle by removing the license plates. Delancy Decl. ¶ 17. Following the stop, Plaintiff also undisputedly exited his vehicle and attempted to leave the scene, where he knew that the

Page 3 – **DEFENDANTS' RESPONSE TO SUR-REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

vehicle's registration and other identifying information would be checked. Delancy Decl. ¶ 17. Under those circumstances, Sergeant Delancy reasonably concluded there was a fair probability that Plaintiff was attempting to conceal his vehicle's identity by covering the VIN.

Plaintiff's only substantive argument against Defendants' position is that his statement that he covered his VIN because "I like to stay private" was merely an expression of personal preference for privacy rather than evidence that he had intentionally attempted to conceal the VIN. Sur-Reply at 2. The difference between the two is not readily apparent to Defendants, though it is ultimately unimportant. Even if Plaintiff's comment was intended as a benign expression of preference, Sergeant Delancy was not required to construe it that way nor does it defeat probable cause. "[Probable cause] requires only a probability or substantial chance of criminal activity, not an actual showing of such activity. Probable cause is not a high bar." *District of Columbia v. Wesby*, 583 U.S. 48, 57, 138 S. Ct. 577, 199 L.Ed.2d 453 (2018) (internal quotations and citations omitted). Here, based on Plaintiff's comments and the remaining evidence described above, Sergeant Delancy determined there was a substantial chance that Plaintiff had violated ORS 819.430. That is sufficient to establish probable cause, even if Plaintiff subjectively intended the comments to be understood differently.

Finally, even if probable cause did not exist for a violation of ORS 819.430, Plaintiff once again does not engage with Defendants' other argument that the handcuffs were permitted as part of the officers' authority to control an uncooperative suspect's movements during a traffic stop. As noted in both Defendants' initial Motion and their Reply, officers have inherent authority to order a passenger who exits a vehicle during a traffic stop to return to the vehicle. Motion at 7-8 (citing *United States v. Williams*, 419 F.3d 1029, 1034 (9th Cir. 2005)); Reply at 4 (same). When Plaintiff then failed to cooperate with the officers' lawful order to return to the vehicle here, they were then permitted to use handcuffs detain him. Motion at 7-8 (citing *United*

*States v. In*, 124 F.4th 790, 795 (9th Cir. 2024)); Reply at 4 (same).  Accordingly, Defendants are entitled to summary judgment on Plaintiff's unlawful arrest claim.

### II. Excessive Force

Plaintiff again argues that it was excessive force for the officers to place him in handcuffs because, in his view, the officers lacked legal justification to arrest or detain him in the first place.  Plaintiff argues that during depositions Officer Griffin testified that he did not have probable cause to believe that Plaintiff had committed any crimes, Sergeant Delancy testified that Plaintiff did not commit obstruction of justice, and several officers testified that Plaintiff did not threaten them or attempt to resist handcuffing.  Sur-Reply at 7-8.  However, as Defendants have already addressed in previous briefing, none of these arguments mean that placing Plaintiff in handcuffs was unlawful.  Although Officer Griffin testified that he did not have probable cause to believe Plaintiff had committed a crime, that is to be expected—it was Sergeant Delancy, not Officer Griffin, who observed Plaintiff's covered VIN and developed probable cause to believe that he violated ORS 819.430.  Delancy Decl. ¶ 12. Moreover, although Sergeant Delancy testified that Plaintiff did not commit obstruction of justice, he testified unambiguously that he believed there was probable cause to arrest Plaintiff for violation of ORS 819.430.  Delancy Dep. 123:17-22 ("Q: Potential crime. What crime? A: You had your VIN covered, what I believe to be intentionally. You didn't have registration placed on the vehicle. You were about 250 to maybe 300 feet away from the vehicle by the timing [*sic*] that we walked up. You refused to come back initially when you were shouted at to come back. So the totality of it.").  Because he was correct, that gave him lawful authority to place Plaintiff in handcuffs. *Demarest v. City of Vallejo*, 44 F.4th 1209, 1226 (9th Cir. 2022) ("[a] standard procedure such as handcuffing would rarely constitute excessive force where the officers were justified . . . in effecting the underlying arrest." (quoting *Brown v. Gilmore*, 278 F.3d 362, 369 (4th Cir. 2002))).

Similarly, although the officers testified that Plaintiff did not act threateningly during the encounter and did not actively resist arrest once they began handcuffing him, at no point did any officer testify that Plaintiff was cooperative in all ways throughout the encounter. It is undisputedly reflected in the body worn camera video that Plaintiff refused multiple lawful commands to return to his vehicle to continue the traffic stop. Griffin Decl. Ex. A at 3:20; Delancy Decl. Ex. A at 0:08. As explained in the previous section and in prior briefing, that authorized the officers to place Plaintiff in handcuffs such that it was not excessive force to do so. Motion at 7-8, Reply at 4. Accordingly, Defendants are entitled to summary judgment on Plaintiff's excessive force claim

### III. First Amendment Retaliation

In his Sur-Reply, Plaintiff repeats his argument from his response that the fact he was placed in handcuffs 15-20 seconds after he asked to see the officers' badges is evidence that the officers' motivation for his arrest must have been retaliatory. Sur-Reply at 6. However, Plaintiff appears to also acknowledge that evidence of temporal proximity alone is not sufficient to support a retaliation claim when there is evidence of other legitimate reasons for detention. Sur-Reply at 6 ("'[T]emporal proximity' plus absence of legitimate reasons establishes causal connection."); *see Hunter v. Boylan*, No. 3:24-cv-05267-RSM-DWC, 2024 U.S. Dist. LEXIS 214493, at *10 (W.D. Wash. Oct. 31, 2024) (a retaliation claim premised solely on temporal proximity is too tenuous to proceed to trial when the adverse actions taken are "well explained by other circumstances."). Additionally, Plaintiff is specifically required to prove that Defendants lacked probable cause for any offense to prevail on a First Amendment retaliatory arrest claim. *Nieves v. Bartlett*, 587 U.S. 391, 404, 407, 139 S. Ct. 1715, 204 L.Ed.2d 1 (2019). Here, as Defendants have addressed in the previous two sections, Defendants had lawful authority to detain Plaintiff both as a function of probable cause to believe he had violated ORS 819.430 and their inherent authority to control Plaintiff's movements during the traffic stop when

he refused to return to his vehicle.  The body worn camera footage also plainly reflects that Defendants did not place Plaintiff in handcuffs immediately after he requested their badge numbers, but rather immediately after Plaintiff started moving further down the street away from his vehicle.  Delancy Decl. Ex. A at 0:58.  Those are legitimate reasons for Plaintiff's detention that effectively undermine his argument that the arrest was retaliatory based on temporal proximity alone.  Moreover, they mean that Plaintiff has failed to carry his burden of establishing the absence of probable cause.

Plaintiff also reiterates his argument that the so-called "confiscation" of his cell phone while he was recording Defendants is a separate First Amendment violation.  Plaintiff claims that Sergeant Delancy admitted to having confiscated the phone in his deposition because he testified that "I took – yes. I took [the cell phone] out of...your left hand."  Delancy Depo. 65:18-19.  It is true that Sergeant Delancy took Plaintiff's cell phone out of his hand for a matter of seconds while in the process of handcuffing him.  Declancy Decl. ¶¶ 24-25.  However, Sergeant Delancy never took the phone into his custody, but rather immediately placed it back into Plaintiff's pocket to continue recording the encounter.  Declancy Decl. ¶¶ 24-25.  Sergeant Delancy told Plaintiff that he was doing this, specifically attempted to avoid interfering with Plaintiff's recording, and reminded Plaintiff about his cell phone once the handcuffs were removed.  Delancy Decl., Ex. A at 1:03, 9:08.  That sort of brief dispossession in order to facilitate placing Plaintiff in handcuffs could hardly be characterized as a form of retaliation.

### IV. Monell Claims

Plaintiff claims in his Sur-Reply that there is a triable issue of fact regarding three different theories of liability under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978).  Sur-Reply at 10.  First, Plaintiff claims that the City of Hood River maintained an "official policy of deliberate indifference" that gives rise to liability.  Sur-Reply at 10.  It is entirely unclear what policy Plaintiff is referring to or what the policy is supposedly

deliberately indifferent to, as Plaintiff does not cite to a specific city policy that is supposedly unconstitutional. Because it is Plaintiff's burden to present evidence sufficient to give rise to a triable issue of fact, Defendants are entitled to summary judgment on this theory.

Second, Plaintiff claims that Defendants maintain an unofficial custom or practice of "retaliating against citizens exercising constitutional rights." Sur-Reply at 10. As explained in previous sections, Plaintiff has failed to provide any meaningful evidence of retaliation here, much less that Defendants had a pervasive custom or practice of retaliation. To prove a custom or practice for purposes of *Monell*, Plaintiff must show more than "isolated or sporadic incidents" but rather "practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Gordon v. Cty. of Orange*, 6 F.4th 961, 974 (9th Cir. 2021). Here, Plaintiff has provided no evidence that Defendants' alleged conduct was more than a single incident. Accordingly, Defendants are entitled to summary judgment on his claim.

Finally third, Plaintiff claims that Defendants are liable on a failure to train theory because the "officers received training but still violated clearly established rights." Sur-Reply at 10. Plaintiff's argument appears to concede that Defendants received training on the constitutional rights at issue but maintains that the city should nonetheless be held liable because his constitutional rights were allegedly still violated. What Plaintiff is proposing is not *Monell* liability based on some allegedly deficient action taken by the city, but rather vicarious liability based solely upon the fact that city employees supposedly violated his constitutional rights. That sort of liability does not exist under § 1983. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) ("[T]here is no respondeat superior liability under section 1983."). Accordingly, Defendants are entitled to summary judgment on this claim.

### V. Kidnapping and Fourteenth Amendment Claims

Regarding his Kidnapping and Fourteenth Amendment claims, Plaintiff baselessly accuses Defendants of engaging in "procedural gamesmanship" by supposedly hiding the fact that they were seeking summary judgment against these claims in their initial motion. Sur-Reply at 14-17. Defendants' initial Motion contains specific labeled subsections dedicated to each of these claims that set forth Defendants' argument. Motion at 11, 13. Thus, it is entirely unclear on what basis Plaintiff could possibly maintain that he did not receive adequate notice of Defendants' arguments so that he could respond to them. However, more importantly, even with the benefit of Plaintiff's additional response in his Sur-Reply, his claims still all plainly fail on their merits.

In Defendants' initial Motion, they understood Plaintiff's kidnapping claim to be based on the Fourth Amendment as applied to the states through the Fourteenth Amendment given that Plaintiff's Amended Complaint identifies the claim as "Count V: Kidnapping/Unlawful Imprisonment Under 42 U.S.C. § 1983 (Fourth Amendment and Fourteenth Amendment)." Am. Compl. at 14. Defendants' Motion therefore argued that the claim should be dismissed for the same reasons as Plaintiff's Fourth Amendment unlawful arrest claim. Motion at 11-12. However, Plaintiff's Sur-Reply appears to now conceive of this claim differently, citing to 18 U.S.C. § 1201—the federal criminal kidnapping statute—as controlling. Sur-Reply at 15. This version of the claim is equally flawed.

Criminal statutes do not ordinarily provide a basis for civil liability and courts will refuse to infer a private right of action from a "bare criminal statute." *Cent. Bank, N.A. v. First Interstate Bank, N.A.*, 511 U.S. 164, 190, 114 S. Ct. 1439, 128 L. Ed. 2d 119 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone."). In line with that understanding, district courts throughout the Ninth Circuit and beyond have repeatedly and unanimously refused to read a private right of action into 18 U.S.C. § 1201. *See, e.g.*, *Reid*

*v. City of Oakland*, No. 25-cv-00383-JST, 2025 U.S. Dist. LEXIS 147732, at *18 (N.D. Cal. July 31, 2025) (dismissing claim because 18 U.S.C. § 1201 does not provide a private right of action); *Johnson v. Sanchez*, No. 2:24-cv-02362-MDC, 2025 U.S. Dist. LEXIS 123574, at *10 (D. Nev. June 27, 2025) (same); *Celece v. Dunn Sch.*, No. CV 20-10139 GW (PVCx), 2020 U.S. Dist. LEXIS 217150, at *17 (C.D. Cal. Nov. 19, 2020) (same). Here, Plaintiff provides no evidence of legislative history or any other reason to call those decisions into doubt and conclude that § 1201 was intended to provide a private right of action. Accordingly, his claim must be dismissed.

As to Plaintiff's Due Process claim, he argues that by detaining him, handcuffing him, and allegedly confiscating his cell phone, Defendants violated his substantive due process rights. Sur-Reply at 16. He also baselessly asserts that Defendants violated his substantive due process rights in some unspecific way by supposedly making false statements in connection with his case. Sur-Reply at 16. Notably, all of these theories are unpled in Plaintiff's Amended Complaint, which asserts only that Defendants violated his substantive due process rights by allegedly failing to allow him to adjust a prosthetic limb during the stop. Am. Compl. at 14 (¶14). On its own, that prevents Plaintiff from relying on these theories at the summary judgment stage. *La Asociacion De Trabajadores De Lake v. City of Lake Forest*, 624 F.3d 1083, 1089 (9th Cir. 2010) ("[Plaintiff] may not effectively amend [the] Complaint by raising a new theory . . . in its response to a motion for summary judgment.").

However, even if Plaintiff had properly pled those new theories, they would also fail on their merits. To prevail on a substantive due process claim, a plaintiff must show that the conduct alleged "shock[s] the conscience" and "offend[s] the community's sense of fair play and decency." *Marsh v. Cty. of San Diego*, 680 F.3d 1148, 1154 (9th Cir. 2012). The "shocks-the-conscience" standard is, depending on the circumstances, met either by showing that a defendant (1) acted with "deliberate indifference" or (2) with a "purpose to harm" for reasons unrelated to legitimate law enforcement objectives. *Porter v. Osborn*, 546 F.3d 1131, 1137 (9th Cir. 2008)

(citing *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998)). "[O]nly the most egregious official conduct" rises to this level, such as "conduct intended to injure in some way unjustifiable by any government interest." *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006). Here, although Plaintiff speculates that Defendants' actions in this case of detaining him, handcuffing him, and moving his cell phone from his hand to his pocket were somehow a deliberate attempt to harm him, he offers absolutely no evidence in support of that position. Likewise, throughout his Sur-Reply Plaintiff repeatedly accuses Defendants of various forms of perjury, though the few specific instances he claims to have identified rest on nothing more than Plaintiff's disagreements regarding the significance of various witnesses' deposition testimony or Defendants' legal conclusions. *See* Sur-Reply at 3 (attempting to equate Sergeant Delancy's testimony that he took Plaintiff's cell phone from his hand to an admission that he stopped the cell phone's recording), 4 (attempting to equate various witnesses' deposition testimonies that Plaintiff did not physically resist arrest and was polite with officers once detained with an admission that Plaintiff cooperated with all requests throughout the encounter), 4 (attempting to equate Sergeant Delancy's statement that Plaintiff did not commit obstruction of justice with an admission that there was no lawful justification to detain Plaintiff for any basis). None of that, even if properly pled, would be sufficient to give rise to a triable issue of fact regarding Plaintiff's substantive due process rights.

Plaintiff also argues that there is a triable issue of fact regarding his procedural due process claim that he was entitled to a pre-deprivation hearing or other unspecified process before placing him in handcuffs. Sur-Reply at 16. However, Plaintiff provides no legal authority whatsoever in support of his position that officers in the field are somehow required to provide him some sort of hearing prior to being detained. In the absence of such authority, Defendants are entitled to summary judgment on this claim.

Finally, Plaintiff argues that there is a triable issue of fact regarding his "class-of-one" equal protection claim. As Defendants pointed out in their initial motion, to prevail on such a claim a plaintiff is required to show, among other things, that he or she was treated different from a comparator who was similarly situated "in all material respects." *SmileDirectClub, LLC v. Tippins*, 31 F.4th 1110, 1123 (9th Cir. 2022). Here, Plaintiff claims that he was treated differently from others who exercise their First Amendment right to record police, request badge numbers, cooperate with police during encounters, pose no threat or danger, and commit no crimes. Sur-Reply at 16-17. Plaintiff claims that individuals like the ones he describes "are not typically handcuffed, detained, and subjected to false criminal charges." Sur-Reply at 17. However, Plaintiff provides no evidence of any *actual people* in the position he describes, let alone ones that Defendants treated differently. A class-of-one claim cannot be premised on a hypothetical comparator. *Whiting v. Cal. C.R. Dep't*, No. EDCV 24-1032-JWH (RAO), 2025 U.S. Dist. LEXIS 97256, at *10 (C.D. Cal. Apr. 23, 2025) (noting that Plaintiff's complaint failed to state a claim when he alleged only that he had been treated differently from "hypothetical comparator CRD Non-African American complainants similarly situated as Plaintiff"). Accordingly, Defendants are entitled to summary judgment on all of Plaintiff's due process and equal protection claims.

## VI. Qualified Immunity

Plaintiff argues that the doctrine of qualified immunity does not apply here for two reasons. First, Plaintiff asserts that any violations of his rights here were so obvious that Defendants should not have needed case law to understand that their actions were supposedly unlawful, as in *Hope v. Pelzer*, 536 U.S. 730, 122 S. Ct. 2508, 153 L.Ed.2d 666 (2002). In *Hope*, the plaintiff—an Alabama state prisoner—was handcuffed to a hitching post and left out in the sun shirtless for seven hours. *Id.* at 734-35. During those seven hours, Plaintiff suffered sunburns, was offered water only once or twice while being taunted about his thirst, and was

offered no bathroom breaks. *Id.* When the defendants asserted qualified immunity in response to Plaintiff's claim of deliberate indifference, the United States Supreme Court held that the defendants' actions were so obviously cruel that it would have been apparent to any reasonable officer in their position that they "unnecessarily and wantonly inflicted pain" in violation of the Eighth Amendment. *Id.* at 741.

Plaintiff has not provided evidence of anything even remotely similar occurring in this case. In contrast to the plaintiff in *Hope* who was handcuffed out in the sun for seven hours, Plaintiff was handcuffed for approximately seven minutes after he refused to return to his vehicle during a traffic stop. Delancy Decl. ¶ 32. Plaintiff's claims in this case, even if true, do not involve anything even somewhat close to the obvious wrongdoing that was before the Court in *Hope*.

Second, Plaintiff claims that binding authority clearly establishes that Defendants' conduct was unlawful. However, Plaintiff does not offer any other cases even remotely factually similar to this one where the defendant's conduct was found to be unlawful. Instead, Plaintiff points only to the seminal cases on each of his claims that establish the broad legal principles applicable to the situation, such as the need for reasonable suspicion to carry out an investigatory detention from *Terry v. Ohio*, 392 U.S. 1, 88 S. Ct. 1868, 20 L.Ed.2d 889 (1968), or the method for assessing the reasonableness of force from *Graham v. Connor*, 490 U.S. 386, 109 S. Ct. 1865, 104 L.Ed.2d 443 (1989). Sur-Reply at 9-10. As the Supreme Court has explained, courts cannot "define clearly established law at a high level of generality." *West v. City of Caldwell*, 931 F.3d 978, 983 (9th Cir. 2019). Rather, because "the result depends very much on the facts of each case . . . officers are entitled to qualified immunity unless existing precedent squarely governs the specific facts at issue." *Nicholson v. City of L.A.*, 935 F.3d 685, 695 (9th Cir. 2019) (internal quotation marks omitted). Here, without any reason to specifically believe that any of

Page 13 – **DEFENDANTS' RESPONSE TO SUR-REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

their conduct would have been unlawful under the circumstances, Defendants are entitled to qualified immunity.

In response to Defendants' arguments regarding qualified immunity for their probable cause determination specifically, Plaintiff argues that it is not "reasonably arguable" that Defendants had probable cause because of Sergeant Delancy's deposition testimony that Plaintiff did not engage in obstruction of justice. Sur-Reply at 10. Again, however, it is ORS 819.430 that Defendants assert as the basis for Plaintiff's arrest. For the reasons explained in Defendant's prior briefing, Reply at 12-13, and earlier in this response, at a minimum there is a reasonable argument that Defendants had probable cause to suspect that Plaintiff had violated ORS 819.430. Accordingly, Defendants are entitled to qualified immunity on Plaintiff's false arrest claims. "reasonably arguable" that there was probable cause. *See Rosenbaum v. Washoe Cty.*, 663 F.3d 1071, 1076 (9th Cir. 2011) (officers are entitled to qualified immunity on probable cause determination if it is "reasonably arguable" that there was probable cause).

## CONCLUSION

In sum, Plaintiff's response offers little beyond the arguments previously made in his response to Defendants' Motion. Plaintiff has failed to carry his burden of presenting a triable issue of fact in this case. Accordingly, Defendants respectfully request that this Court grant their motion and dismiss the claims against them.

DATED this 10th Day of November, 2025.

_____
Keegan C. Murphy, OSB #194264
Kenneth S. Montoya, OSB #064467
Attorneys for Defendants

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **DEFENDANTS' RESPONSE TO SUR-REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** on:

> Cameron Wilson
> 1312 South 44th Avenue
> Yakima, Washington 98908
>     Pro Se

by the following indicated method or methods:

☒     by **electronic means through the Court's Case Management/Electronic Case File system** on the date set forth below;

    by **emailing** a copy thereof to each attorney at each attorney's last-known email address on the date set forth below;

    by **mailing** a full, true, and correct copy thereof in a sealed, first-class postage-prepaid envelope, addressed to plaintiff's last-known address listed above and depositing it in the U.S. mail at Salem, Oregon on the date set forth below.

DATED this 10th Day of November, 2025.

*/s/ Keegan C. Murphy*
Keegan C. Murphy, OSB #194264
Kenneth S. Montoya, OSB #064467
Attorneys for Defendants