IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CAMERON WILSON, | Case No. 3:24-cv-02033-JR |
| Plaintiff, | FINDINGS AND RECOMMENDATION |
| v. | |
| CITY OF HOOD RIVER, a municipal Corporation; OFFICER EMELIKE DELANCY, in his official capacity; OFFICER AUSTIN GRIFFIN, in his individual capacity; OFFICER RYAN JUNDT, in his individual capacity, | |
| Defendants. | |

RUSSO, Magistrate Judge:

Page 1 – FINDINGS AND RECOMMENDATION

Defendants City of Hood River, Officer Delancy, Officer Griffin and Officer Jundt move for summary judgment against pro se plaintiff Cameron Wilson's claims pursuant to Fed. R. Civ. P. 56. For the reasons set forth below, defendants' motion should be granted.

## BACKGROUND

On December 10, 2022, plaintiff Wilson was stopped after defendant police officers observed him driving a vehicle without registration plates. While officers were speaking to the driver of another vehicle stopped at the same time, plaintiff exited his vehicle and attempted to walk away from the scene of the traffic stop. Officer Delancy observed a piece of paper that appeared to have been placed to cover the vehicle's VIN number. When defendant officers informed plaintiff he was being detained as part of a traffic stop and asked him to return to his vehicle, plaintiff refused and asked to speak to a sergeant. Plaintiff was informed that a sergeant was not available and that if he failed to do as instructed, he would be placed in handcuffs. Plaintiff ignored Officer Delancy's instruction and again asked for a sergeant. Plaintiff also asked the officers for their names and badge numbers which the officers provided. Plaintiff recorded the interaction on his cell phone. Plaintiff was again told that a sergeant was not available and was then placed into handcuffs and walked back to his vehicle so that officers could proceed checking his registration and license. During the handcuffing process plaintiff was fully cooperative. Officer Delancy removed plaintiff's phone during the handcuffing process to ensure he did not stop the recording. He placed the phone in plaintiff's jacket pocket and advised plaintiff that he was not turning off the phone so that it could continue recording their encounter. The officers determined that plaintiff did not have valid driving privileges (no driver's license), that his vehicle registration expired in 2021, and that his vehicle lacked liability insurance. Plaintiff argued that a valid driver's license was not necessary because he was not operating his vehicle in a "commercial capacity"

and that he "did not need" valid liability insurance. *Delancy Decl.,* para. 30. Plaintiff then requested to be freed from the handcuffs which Officer Delancy obliged. Plaintiff was in handcuffs for approximately seven minutes. Officer Delancy again advised plaintiff that his cell phone was in his jacket pocket and that he could take it out and continue recording. Plaintiff replied, "nah, it's alright." *Id.* at para. 33. After obtaining the vehicle's VIN number and verifying the vehicle had not been reported stolen, Officer Delancy released plaintiff with warnings as to all infractions and without further incident.

Plaintiff now brings claims for unlawful arrest, excessive force and "kidnapping" in violation of the Fourth Amendment, retaliation in violation of the First Amendment, violations of his due process and equal protection rights under the Fourteenth Amendment, and for unconstitutional policies by the department that permitted these violations under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, affidavits, and admissions on file, if any, show "that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Substantive law on an issue determines the materiality of a fact. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of the dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party shows the absence of

a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Id.* at 324.

Special rules of construction apply when evaluating a summary judgment motion: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *T.W. Elec.*, 809 F.2d at 631.

## DISCUSSION

The Court thoroughly reviewed 163 pages of briefing in this matter as well as plaintiff's 555 pages of attachments. The briefing also included a Sur-Reply filed by the plaintiff, a "Sur-Reply to Sur-Reply" filed by defendants, a second Sur-Reply by the plaintiff as well as a second Sur-Reply filed by defendants. The Sur-Reply briefing also came with many pages of attachments. Finally, the Court also carefully reviewed the defendant officers' body worn camera footage which documented the entire encounter with plaintiff. *See Ex. A attached to Delancy and Griffin's Declarations*.

Based on this review and in consideration of relevant Ninth Circuit and U.S. Supreme Court law and considering the facts in the light most favorable to the pro se plaintiff (the non-moving party), the Court finds no genuine issue regarding any material fact and that the defendants are entitled to judgment as a matter of law. Specifically, after thorough review of the voluminous record, I find no contradiction of defendants' facts by the evidence in the record.

Plaintiff's Fourth Amendment claims for unlawful arrest, excessive force, and "kidnapping" fail based on settled Ninth Circuit law. *See Hernandez v. Skinner*, 969 F3d 930, 940-41 (9th Cir. 2020) ("handcuffing as a means of detaining an individual does not automatically escalate a stop into an arrest."); *Jackson v. City of Bremerton*, 268 F.3d 646, 652

(9th Cir. 2001)(characterizing force involved in normal handcuffing procedure as "minimal"); and *United States v. Williams*, 419 F.3d 1029, 1034 (9th Cir. 2005) ("We hold that under the Fourth Amendment it is reasonable for an officer to order a passenger back into an automobile that he voluntarily exited because . . . the need for officers to exercise control over individuals encountered during a traffic stop, outweigh[s] the marginal intrusion on the passenger's liberty interest").

Plaintiff next alleges a First Amendment claim for retaliation. I find no evidence on the record here that plaintiff's handcuffing had any relationship or causal connection to the protected activities he alleges. *Mulligan v. Nichols*, 835 F.3d 983, 988 (9th Cir. 2016) (plaintiff must demonstrate he "(1) engaged in constitutionally protected activity; (2) as a result, he was subject to adverse action by the defendant that would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) there was a substantial causal relationship between the constitutionally protected activity and the adverse action").

Plaintiff alleges a Fourteenth Amendment Due Process and Equal Protection violation. Plaintiff asserts he was arrested without first affording him procedural safeguards required by due process, specifically defendants' failure to "articulat[e] a legitimate basis for his detention" and denying him an opportunity to speak with a supervising officer. The U.S. Supreme Court has held, however, that "[w]hile it is assuredly good police practice to inform a person of the reason for his arrest at the time he is taken into custody; we have never held that to be constitutionally required." *Devenpeck v. Alford,* 543 U.S. 146, 155 (2004). The Court knows of no legal authority requiring that plaintiff be provided with an opportunity to speak with a supervising officer before he can be arrested or detained.

Regarding plaintiff's Equal Protection claim, plaintiff argues he was "singled out" for detention or arrest when he was placed in handcuffs. *Vill. Of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)(per curiam)(to prevail on a "class of one" claim plaintiff must show that he has been "[1] intentionally [2] treated differently from others in a similar situation and that [3] there is no rational basis for the difference in treatment"). Plaintiff was alone at time of the stop and was the only individual who attempted to get out of his vehicle and leave the scene. Plaintiff is unable to identify any other similarly situated comparators. Plaintiff's claim fails as matter of law.

Plaintiff also alleges a substantive due process claim for failing to provide him with an opportunity to adjust his prosthetic limb. Specifically, plaintiff alleges he was denied a "reasonable accommodation," and relies on *City of Canton v. Harris*, 489 U.S. 378 (1989). There, the plaintiff brought a substantive due process claim for a right to receive adequate medical care while in police custody after she repeatedly collapsed and made incoherent remarks following her arrest. The Court assumes that plaintiff's claim here alleges that the failure to adjust his prosthetic limb violated his substantive due process right to adequate medical care while in police custody. Plaintiff is unable to establish any of the necessary elements for a pretrial detainee to prevail on a claim of inadequate medical care. *See Gordon v. Cty of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018). The interaction at issue was recorded via the officers' body camera and at no point did plaintiff mention a prosthetic, even during the seven minutes when he was handcuffed.

Finally, plaintiff alleges a *Monell* claim, arguing that the City of Hood River failed to adequately train its officers on the lawful scope of their authority to carry out detentions, their authority to use force, a suspect's rights to record an encounter, and the "proper handling of

Page 6 – FINDINGS AND RECOMMENDATION

individuals with unique or disability-related circumstances." *Monell,* 436 U.S. 658. The record here evinces no evidence of a deficient municipal training policy, or that any gaps in training would have amounted to "deliberate indifference." *See Flores v. Cty. Of L.A.*, 758 F.3d 1154, 1159 (9th Cir. 2014)(to demonstrate deliberate indifference "[a] pattern of similar constitutional violations by untrained employees is ordinarily necessary").

Moreover, the individual defendants are entitled to qualified immunity. *Reichle v. Howards*, 566 U.S. 658, 664 (2012)("government officials who violate another's rights are immune from liability under section 1983 unless the unlawfulness of their conduct was clearly established at the time"). "That demanding standard reflects the long-standing principle that qualified immunity protects all but the plainly incompetent or those who knowingly violate the law." *Est. of Hernandez v. City of Los Angeles*, 96 F.4th 1209 1221 (9th Cir. 2024)(internal quotation marks omitted). "The plaintiff bears the burden of showing that the rights allegedly violated were clearly established." *Gordon v. Cty. Of Orange*, 6 F.4th 961, 969 (9th Cir. 2021). Plaintiff here is unable to make that showing. Therefore, defendants are also entitled to summary judgment on the basis of qualified immunity.

## RECOMMENDATION

For the foregoing reasons, defendants' Motion for Summary Judgment (doc. 30) should be granted and this case dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have

fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this 13th day of March, 2026.

                                                   /s/ Jolie A. Russo
                                                   Jolie A. Russo
                                      United States Magistrate Judge