**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF OREGON**
**PORTLAND DIVISION**

| | |
|---|---|
| **CAMERON JAMES WILSON,**<br>   *Plaintiff,*<br>v.<br><br>**CITY OF HOOD RIVER, et al.,**<br>   *Defendants.* | Case No. 3:24-CV-2033-JR<br><br>**DECLARATION OF CAMERON JAMES WILSON UNDER PENALTY OF PERJURY PURSUANT TO 28 U.S.C. § 1746**<br><br>**IN SUPPORT OF GOOD FAITH AND EXCUSABLE NEGLECT FOR UNTIMELY FILING OF OBJECTIONS TO FINDINGS AND RECOMMENDATION**<br><br>(ECF Nos. 52, 53, 56) |

<u>**DECLARATION OF CAMERON JAMES WILSON UNDER PENALTY OF PERJURY**</u>
<u>**PURSUANT TO 28 U.S.C. § 1746**</u>
**IN SUPPORT OF GOOD FAITH AND EXCUSABLE NEGLECT FOR UNTIMELY FILING**

I, Cameron James Wilson, being competent to testify and having personal knowledge of the facts set forth herein, do hereby declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

## I. IDENTITY AND PROCEDURAL POSTURE

**1.** I am the Plaintiff in the above-captioned matter, proceeding *propria persona*, *sui juris*. I am not an attorney. I do not have legal counsel. I am representing myself in this federal civil rights action brought pursuant to 42 U.S.C. § 1983 against the City of Hood River and individual officers for violations of my Creator-endowed rights as recognized by the Fourth, First, and Fourteenth Amendments to the United States Constitution. As the Supreme Court has long recognized, *pro se* filings are to be "liberally construed" and held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

1

**2.**   On March 13, 2026, Magistrate Judge Jolie A. Russo issued Findings and Recommendation (ECF No. 52) recommending that Defendants' Motion for Summary Judgment be granted and this case dismissed. On the same date, the Magistrate Judge issued an Order (ECF No. 53) referring the Findings and Recommendation to the Honorable District Judge Adrienne Nelson for review and establishing a fourteen (14) day deadline for the filing of specific written objections. The Order expressly warned that failure to timely file objections "will be considered as a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact." ECF No. 53.

**3.**   On March 25, 2026, this Court granted Plaintiff's Emergency Motion for Extension of Time (ECF No. 56), extending the deadline for filing Objections to **May 11, 2026**. The Court noted that defense counsel stated, by e-mail dated March 25, 2026, that Defendants had no objection to the request for an extension of time. The extension was necessitated by a severe motorcycle accident on March 16, 2026—three (3) days after the Findings and Recommendation were issued—which resulted in Plaintiff being care-flighted to Harborview Medical Center (University of Washington, Level I Trauma Center) in Seattle, Washington, where Plaintiff underwent surgery for a shattered shoulder and multiple broken bones and remained hospitalized.

## II. GOOD FAITH EFFORTS TO FILE BY THE MAY 11, 2026 DEADLINE

**4.**   Despite the ongoing physical and cognitive challenges attendant to recovery from the aforementioned traumatic injuries, Plaintiff worked diligently and in good faith to prepare his Objections to the Findings and Recommendation and the accompanying Supplemental Memorandum of Law within the extended deadline established by this Court's Order (ECF No. 56). Plaintiff devoted substantial time and effort to reviewing the complete record in this matter, analyzing the body-worn camera transcript of the incident, analyzing the sworn depositions of Officers Emelike Delancy, Austin Griffin, and Ryan Jundt, researching applicable case law—including the newly issued Supreme Court opinion in *Hencely v. Fluor Corp.*, No. 24-924 (U.S. April 22, 2026)—and drafting comprehensive legal arguments in support of his Objections.

**5.**   Plaintiff's Objections and Supplemental Memorandum of Law were substantially completed and ready for filing on or before May 11, 2026. At no point did Plaintiff abandon, neglect, or fail to diligently pursue the preparation of these filings. The documents were prepared, finalized, and ready to be submitted to this Court through the CM/ECF electronic filing system. The preparation of these documents consumed the entirety of Plaintiff's available time and energy during the extended period, notwithstanding the physical limitations imposed by his ongoing recovery from surgery.

## III. THE PACER/CM/ECF LOGIN FAILURE

**6.**   On or about May 11, 2026—the date of the filing deadline established by this Court's Order (ECF No. 56)—Plaintiff attempted to log into the PACER/CM/ECF electronic filing system to submit his Objections and Supplemental Memorandum of Law. Plaintiff was unable to access his

account. The PACER/CM/ECF system had recently implemented new security protocols, including a transition to recovery codes and updated multi-factor authentication procedures. Despite multiple attempts to log in using his existing credentials and the recovery codes provided by the system, Plaintiff was unable to gain access to CM/ECF to effectuate the filing.

**7.** Plaintiff made repeated, good-faith attempts to resolve the login issue, including but not limited to: (a) attempting to use the recovery codes provided by the PACER system; (b) attempting to reset his password through the system's recovery mechanisms; (c) attempting alternative login methods as prompted by the new implementation; and (d) contacting or attempting to contact PACER technical support for assistance. Despite these diligent efforts, the technical difficulties with the new PACER authentication system prevented Plaintiff from accessing CM/ECF and filing his documents by the May 11, 2026 deadline.

**8.** The failure to file by the May 11, 2026 deadline was not the result of any negligence, bad faith, dilatory motive, or willful disregard of this Court's Order on Plaintiff's part. The sole and exclusive cause of the untimely filing was the technical malfunction of, and Plaintiff's inability to access, the PACER/CM/ECF electronic filing system due to its newly implemented authentication protocols. Plaintiff had no control over the PACER system's implementation of new security measures, and Plaintiff could not have reasonably anticipated that the system transition would render his account inaccessible at the precise moment of his filing deadline. *Falsus in uno, falsus in omnibus* does not apply here—Plaintiff's conduct throughout this litigation has been consistent, diligent, and in good faith.

## IV. EXCUSABLE NEGLECT UNDER *PIONEER INVESTMENT SERVICES*

**9.** The Supreme Court of the United States, in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993), established a four-factor equitable test for determining whether a party's failure to meet a deadline constitutes "excusable neglect" warranting relief under Federal Rule of Civil Procedure 6(b)(1)(B). Those four factors are: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Id.* at 395. The Ninth Circuit has adopted a flexible, equitable approach to this analysis. *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004) (en banc). Each factor weighs decisively in Plaintiff's favor.

**10.** **No Prejudice to Defendants.** Defendants will suffer no prejudice whatsoever from the brief delay in filing. Defendants' counsel has already demonstrated a lack of opposition to extensions in this matter, having affirmatively stated by e-mail on March 25, 2026, that "Defendants have no objection to the request for an extension of time." *See* ECF No. 56. The Objections and Supplemental Memorandum raise legal arguments based on the existing record; no new discovery, depositions, or evidentiary proceedings are required. The brief delay does not alter the posture of the case in any material respect. *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000) (finding no prejudice where the opposing party had ample time to respond and no substantive harm resulted from the delay).

**11.    Minimal Length of Delay.**  The delay is measured in days, not weeks or months.  The documents were ready for filing on the deadline date.  The delay was caused solely by the time required to resolve the PACER/CM/ECF access issue and effectuate the filing through alternative means or restored access. Courts have routinely found excusable neglect for delays of similar or greater duration. *See Pincay v. Andrews*, 389 F.3d at 860 (en banc) (adopting a flexible, equitable approach to excusable neglect determinations); *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (holding that the district court abused its discretion in denying relief where the delay was brief and caused by circumstances beyond the movant's control).

**12.    Reason for Delay Entirely Beyond Plaintiff's Control.**  The reason for the delay—a technical malfunction in the PACER/CM/ECF authentication system caused by the implementation of new security protocols—was entirely beyond Plaintiff's control. Plaintiff did not choose to implement new recovery codes. Plaintiff did not choose to alter the login procedures. Plaintiff did not fail to prepare his documents on time. The system itself prevented Plaintiff from filing. The Ninth Circuit has recognized that technical difficulties with electronic filing systems constitute circumstances beyond a party's control. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010) (holding that denial of a timely extension absent bad faith or prejudice is an abuse of discretion). Furthermore, this Court should take judicial notice of the fact that PACER has undergone system-wide authentication changes that have affected users across the federal judiciary.  The Supreme Court has recognized that "[i]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect," but that circumstances beyond a party's control do. *Pioneer*, 507 U.S. at 392. A system-wide technical failure is precisely the type of circumstance that is beyond a party's control.

**13.    Good Faith.**  Plaintiff's good faith is demonstrated by the totality of his conduct in this litigation.  Plaintiff filed an Emergency Motion for Extension of Time from his hospital bed at Harborview Medical Center.  Plaintiff worked diligently throughout his recovery to prepare comprehensive Objections and a Supplemental Memorandum of Law.  Plaintiff completed the documents by the deadline.  Plaintiff attempted to file on the deadline date.  When Plaintiff encountered the login failure, Plaintiff made repeated efforts to resolve it. At no point did Plaintiff exhibit any dilatory motive, bad faith, or disregard for this Court's orders or deadlines.  As the Supreme Court recognized in *Pioneer*, the good faith factor weighs in favor of the movant where the delay is attributable to circumstances beyond the movant's control. 507 U.S. at 395. *See also Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997) (per curiam) (affirming that the good faith factor is satisfied where the movant has demonstrated consistent, diligent conduct throughout the litigation).

### V. PRO SE LITIGANT STATUS AND LIBERAL CONSTRUCTION

**14.    Plaintiff** is a *pro se* litigant proceeding *propria persona*, *sui juris*.  Plaintiff does not have the resources of a law firm with dedicated IT support, multiple PACER accounts, or alternative electronic filing capabilities. The Supreme Court has long held that *pro se* filings are to be "liberally construed" and held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Ninth Circuit has further held that *pro se* litigants must be

given "the benefit of any doubt." *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).

**15.**    The Supreme Court has emphasized that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). This principle of liberal construction extends not merely to the substance of *pro se* filings but to the procedural circumstances surrounding them. A *pro se* litigant who completes his filings on time but is prevented from submitting them by a technical failure in the court's own electronic filing system should not be penalized for that system's malfunction. *See Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe *pro se* pleadings liberally.").

**16.**    To deny Plaintiff's Objections on the basis of a brief, technically-caused delay would constitute a triumph of form over substance—a result antithetical to the foundational principle that cases should be decided on their merits. *See* Fed. R. Civ. P. 1 (the Federal Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"). The Creator-endowed right to petition the government for redress of grievances, as recognized by the First Amendment, and the right to due process of law, as recognized by the Fifth and Fourteenth Amendments, demand that this Court consider Plaintiff's Objections on their merits rather than dismissing them on a procedural technicality caused by a system failure beyond Plaintiff's control. *Ubi jus ibi remedium*—where there is a right, there is a remedy.


## VI. THE STAKES OF THIS CASE DEMAND MERITS REVIEW


**17.**    The stakes of this case are profound. Plaintiff alleges that he was falsely arrested for "Obstruction of Justice"—a charge that the arresting officer himself admitted under oath does not exist as a statute in the State of Oregon. *See* Delancy Dep. at 47:12–14 ("Obstruction of justice is not even a statute... in Oregon."). The Magistrate Judge's Findings and Recommendation completely omitted this critical admission from her analysis. The Magistrate Judge stated, "I find no contradiction of defendants' facts by the evidence in the record" (F&R at 4)—a finding that is objectively, demonstrably, and irreconcilably false when measured against the officers' own sworn deposition testimony.

**18.**    If Plaintiff's Objections are not considered on their merits, this Court will adopt a Findings and Recommendation that grants qualified immunity to an officer who fabricated a nonexistent criminal charge to effectuate a retaliatory arrest against a citizen exercising his Creator-endowed First Amendment right to ask for badge numbers. The Objections and Supplemental Memorandum present fourteen (14) genuine disputes of material fact, supported by the officers' own sworn testimony, that preclude summary judgment as a matter of law under *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986), and *Tolan v. Cotton*, 572 U.S. 650 (2014). The Constitution and Federal Rule of Civil Procedure 56 strictly prohibit a court from resolving disputed facts at the summary judgment stage; that function belongs exclusively to the jury. *See* U.S. Const. amend. VII; *Anderson*, 477 U.S. at 255.

**19.**    Furthermore, the Supplemental Memorandum of Law presents newly controlling authority from the Supreme Court of the United States—*Hencely v. Fluor Corp.*, No. 24-924 (U.S. April 22, 2026)—decided six (6) weeks after the Magistrate Judge issued her Findings and Recommendation. That opinion, authored by Justice Clarence Thomas and joined by a six-justice cross-ideological majority (Justices Sotomayor, Kagan, Gorsuch, Barrett, and Jackson), articulates five governing principles regarding judge-made defenses that categorically preclude the application of qualified immunity under the facts of this case.  This Court has a duty to consider this new controlling authority.  *See* 28 U.S.C. § 636(b)(1)(C) (requiring de novo review of objected-to portions of a magistrate judge's recommendation); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that de novo review is mandatory and non-waivable).

**20.**    The doctrine of qualified immunity was judicially created without any textual basis in 42 U.S.C. § 1983.  *See Ziglar v. Abbasi*, 582 U.S. 120, 150 (2017) (Thomas, J., concurring) ("In an appropriate case, I am willing to reconsider our qualified immunity jurisprudence.").  The Supplemental Memorandum demonstrates that the principles articulated in *Hencely* compel this Court to deny qualified immunity to Officer Delancy, who fabricated a nonexistent criminal charge— "Obstruction of Justice"—to arrest a citizen who was doing nothing more than asking for badge numbers. No reasonable officer could have believed that arresting a citizen for a crime that does not exist in Oregon law was constitutionally permissible. *See Hope v. Pelzer*, 536 U.S. 730, 741 (2002) (holding that qualified immunity is unavailable where "the unlawfulness was apparent" in light of pre-existing law).

## VII. RELIEF REQUESTED

**21.**    For all of the foregoing reasons, Plaintiff respectfully requests that this Honorable Court:

(a)    Accept Plaintiff's Objections to the Findings and Recommendation (ECF No. 52) as timely filed, or in the alternative, find that the untimely filing constitutes excusable neglect under *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993), and the four-factor test adopted by the Ninth Circuit in *Pincay v. Andrews*, 389 F.3d 853 (9th Cir. 2004) (en banc);

(b)    Accept Plaintiff's Supplemental Memorandum of Law in Support of Objections as timely filed, or in the alternative, as supplemental authority pursuant to 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b)(2);

(c)    Conduct de novo review of the Findings and Recommendation on the merits, considering all Objections and the Supplemental Memorandum of Law, including the newly issued controlling authority of *Hencely v. Fluor Corp.*, No. 24-924 (U.S. April 22, 2026);

(d)    Reject the Findings and Recommendation, deny Defendants' Motion for Summary Judgment, and set this matter for a jury trial before the Honorable District Judge Adrienne Nelson; and

(e)    Grant such other and further relief as this Court deems just and equitable in the interests of justice, *fiat justitia ruat caelum*—let justice be done though the heavens fall.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 12th, 2026.


Respectfully submitted,


**/s/ Cameron James Wilson**
*In Propria Persona Sui Juris*
1312 South 44th Avenue
Yakima, Washington 98908
Telephone: (503) 496-9239
Electronic Mail: cam@piitp.com
*Plaintiff, Pro Se*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 12th, 2026, I caused a true and correct copy of the foregoing **Declaration of Cameron James Wilson Under Penalty of Perjury Pursuant to 28 U.S.C. § 1746 in Support of Good Faith and Excusable Neglect for Untimely Filing of Objections to Findings and Recommendation** to be served upon all counsel of record via the Court's CM/ECF electronic filing system and/or by electronic mail to the following:

**Kenny Montoya**
**Keegan Murphy**
Montoya Law & Mediation
Electronic Mail: kenny@montoyalaw.org
Electronic Mail: keegan@montoyalaw.org
*Attorneys for Defendants*

**/s/ Cameron James Wilson**
*Plaintiff, Pro Se*

8