UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION


CAMERON JAMES WILSON,

        Plaintiff,

v.

CITY OF HOOD RIVER, a municipal corporation; SERGEANT EMELIKE DELANCY, in his individual capacity; OFFICER AUSTIN GRIFFIN, in his individual capacity; OFFICER RYAN JUNDT, in his individual capacity,

        Defendants.

Case No. 3:24-cv-02033-JR

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S OBJECTIONS TO FINDINGS AND RECOMMENDATION


## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE

Plaintiff Cameron James Wilson, a sovereign individual proceeding *in propria persona et sui juris*, hereby respectfully submits this Opposition to Defendants' Motion to Strike Plaintiff's Objections to Findings and Recommendation (ECF No. 60). Defendants' Motion is legally deficient on its face, procedurally improper, constitutionally infirm, and fundamentally misconstrues the plain, unambiguous, and disjunctive text of this Court's own Local Rules. The Motion cites not a single case in support of the extraordinary remedy of striking a *pro se* litigant's constitutional objections. It must be denied in its entirety.

1

<u>**MEMORANDUM OF LAW**</u>

**I. INTRODUCTION AND OVERVIEW OF DEFENDANTS' FATAL DEFICIENCY**

Defendants' Motion to Strike rests upon two grounds: (1) that Plaintiff's Objections were filed one day late; and (2) that the combined filings total 66 pages, which Defendants characterize as exceeding the page limit set forth in Local Rule 7-2(b)(1). Both grounds fail as a matter of law. The first ground is excused by the doctrine of excusable neglect as defined by the Supreme Court of the United States. The second ground is defeated by the plain text of the very rule Defendants invoke, which Defendants themselves quote in their Motion but then selectively and improperly apply.

Most significantly, Defendants' Motion is wholly devoid of legal authority. Not a single case, statute, rule, treatise, or secondary authority is cited in support of the extraordinary remedy of striking a *pro se* civil rights litigant's objections to a magistrate judge's findings and recommendation. This Court should not grant a motion that asks for the erasure of fourteen (14) disputed material facts and five (5) constitutional claims without the support of a single legal citation. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) (recognizing that courts must weigh the merits of a motion before granting it).

**II. DEFENDANTS' MOTION FAILS AS A MATTER OF LAW BECAUSE LOCAL RULE 7-2(b)(1) IS DISJUNCTIVE AND PLAINTIFF'S FILINGS COMPLY WITH THE WORD-COUNT ALTERNATIVE**

The threshold and dispositive issue in this matter is one of pure rule construction. Defendants quote Local Rule 7-2(b)(1) in their Motion as follows: memoranda "may not exceed 11,000 words, **or in the alternative**, 35 pages." ECF No. 60 at 2 (emphasis in original). Having quoted the rule in full, Defendants then proceed to argue exclusively from the page-count alternative, making no allegation whatsoever that Plaintiff's filings exceed the 11,000-word alternative. This selective application of a disjunctive rule is legally untenable.

It is a foundational and universally recognized canon of statutory and rule construction that the word "or" is a disjunctive conjunction, presenting two independent, alternative standards, compli-

ance with either of which independently satisfies the rule. *See United States v. Woods*, 571 U.S. 31, 45 (2013) ("The word 'or' is generally used as a disjunctive particle, indicating an alternative."); *Reiter v. Sonotone Corp.*, 442 U.S. 330, 339 (1979) ("Canons of construction ordinarily suggest that terms connected by a disjunctive be given separate meanings."); *United States v. Atkinson*, 990 F.2d 501, 503 (9th Cir. 1993) (applying disjunctive construction to court rules). The rule does not say "11,000 words *and* 35 pages." It says "11,000 words *or in the alternative* 35 pages." The phrase "or in the alternative" is the most explicit possible expression of disjunctive intent.

Plaintiff has filed a Certificate of Compliance with Local Rule 7-2(b)(1) certifying under penalty of perjury that the substantive text of the combined filings (ECF Nos. 57 and 57-1) contains approximately 10,850 words, which is squarely within the 11,000-word limit. Defendants have made no allegation that this word count is inaccurate. Defendants have made no allegation that the filings exceed the word-count alternative. Having failed to allege a violation of both disjunctive alternatives, Defendants' Motion fails to state a valid ground for the extraordinary remedy of striking Plaintiff's filings.

To hold otherwise would violate the cardinal principle of statutory construction that no word or clause of a rule shall be rendered superfluous, void, or insignificant. *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001) ("It is a cardinal principle of statutory construction that a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant."). If the page limit controls regardless of word-count compliance, the word-count alternative is rendered a nullity — a result that no canon of construction permits. The maxim *expressio unius est exclusio alterius* — the expression of one thing is the exclusion of the other — further confirms that the explicit provision of a word-count alternative was intentional and must be given independent operative effect.

### III. THE ONE-DAY DELAY CONSTITUTES EXCUSABLE NEGLECT UNDER PIONEER INVESTMENT SERVICES AND DOES NOT WARRANT THE DRASTIC REMEDY OF STRIKING

Defendants' second ground — that the filings were one day late — likewise fails to support

the drastic remedy of striking. As set forth in Plaintiff's Declaration of Good Faith and Excusable Neglect (ECF No. 58), the one-day delay was caused exclusively by an unexpected technical failure of the Court's CM/ECF electronic filing system on the night of the deadline. This failure was entirely outside of Plaintiff's control. The ancient maxim *lex non cogit ad impossibilia* — the law does not compel the doing of impossibilities — applies with full force to a filing deadline that could not be met due to a court system failure.

The Supreme Court of the United States established the governing standard for excusable neglect in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993). Under *Pioneer*, courts must examine four equitable factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Id.* at 395. Application of these four factors to the instant circumstances compels a finding of excusable neglect:

**Factor 1 — Prejudice:** Defendants suffered zero prejudice from a one-day delay. Indeed, as discussed below, Defendants' own Motion requests an additional 21 days to respond, demonstrating that any conceivable prejudice is entirely cured.

**Factor 2 — Length of Delay:** The delay was precisely one (1) day. This is the most minimal possible delay and has no impact whatsoever on the judicial proceedings.

**Factor 3 — Reason for Delay:** The delay was caused by a CM/ECF system failure entirely outside of Plaintiff's control. This is precisely the type of circumstance that the excusable neglect doctrine was designed to address.

**Factor 4 — Good Faith:** Plaintiff filed as soon as the system failure was resolved and has proactively filed a Motion for Leave to File Excess Pages *Nunc Pro Tunc* to cure any procedural defect, demonstrating the highest degree of good faith.

All four *Pioneer* factors favor Plaintiff. The one-day delay is excusable neglect as a matter of law and does not support striking the filings.

**IV. DEFENDANTS' OWN CONDITIONAL CONCESSION DESTROYS ANY CLAIM**

**OF PREJUDICE AND REVEALS THE MOTION'S IMPROPER PURPOSE**

Perhaps the most revealing aspect of Defendants' Motion is the conditional request contained on page 2: "If this Court is inclined to grant that motion [for leave to file excess pages], then Defendants would respectfully request leave for their own response to exceed the page limit and an additional 21 days to respond to Plaintiff's motion beyond the usual 14-day period — a due date of June 16, 2026." ECF No. 60 at 2.

This conditional concession is a tacit and unambiguous admission that Defendants have suffered no cognizable prejudice from the length of Plaintiff's filings. If the length of Plaintiff's filings had truly prejudiced Defendants, they would not be requesting additional time and pages to respond — they would be requesting that the filings be stricken and the matter resolved on the existing record. Instead, Defendants reveal that they are fully capable of responding to Plaintiff's arguments; they simply want more time and more space to do so. This is not prejudice — this is litigation strategy.

The purpose of procedural rules is to ensure fairness and the orderly administration of justice, not to serve as a procedural trap for *pro se* litigants asserting Creator-endowed constitutional rights against governmental overreach. *See Foman v. Davis*, 371 U.S. 178, 181 (1962) (courts must not "exalt form over substance"); *Conley v. Gibson*, 355 U.S. 41, 48 (1957) ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome."). Granting a motion to strike in the absence of any prejudice would be a manifest abuse of discretion. *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (motions to strike are disfavored and should not be granted absent a showing of prejudice).

**V. STRIKING PLAINTIFF'S OBJECTIONS WOULD VIOLATE THE PRO SE LENIENCY DOCTRINE, DUE PROCESS, AND THE SEVENTH AMENDMENT**

The Supreme Court of the United States has unequivocally and repeatedly mandated that courts "liberally construe" the filings of *pro se* litigants and hold them to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (reaffirming *Haines*); *Balistreri v. Pacifica Police*

*Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) ("Pro se pleadings are liberally construed, particularly where civil rights claims are involved."). This mandate is not discretionary — it is a binding constitutional and jurisprudential obligation.

Striking Plaintiff's Objections in a complex civil rights case involving fourteen (14) genuine disputes of material fact, five (5) constitutional claims, and newly decided controlling Supreme Court authority (*Hencely v. Fluor Corp.*, Apr. 22, 2026) would elevate procedural form over constitutional substance in direct contravention of the *pro se* leniency doctrine. It would also result in a structural deprivation of Plaintiff's Fifth Amendment right to a meaningful opportunity to be heard, as guaranteed by the Due Process Clause. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (due process requires "the opportunity to be heard at a meaningful time and in a meaningful manner").

Furthermore, striking Plaintiff's Objections would effectively extinguish Plaintiff's Seventh Amendment right to a jury trial on the fourteen disputed material facts by allowing the Magistrate Judge's Findings and Recommendation to be adopted without the full benefit of Plaintiff's objections. The Seventh Amendment preserves the right to jury trial on all facts "in suits at common law" and prohibits courts from resolving disputed facts through procedural mechanisms that bypass the jury. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge."). Striking Plaintiff's Objections on a procedural technicality would accomplish precisely this constitutionally impermissible result.

## VI. THE SUPPLEMENTAL MEMORANDUM IS A SEPARATE DOCUMENT ADDRESSING NEWLY DECIDED CONTROLLING AUTHORITY AND IS NOT SUBJECT TO AGGREGATION WITH THE OBJECTIONS

Defendants aggregate ECF No. 57 (45 pages) and ECF No. 57-1 (21 pages) to reach their total of 66 pages. However, ECF No. 57-1 is Plaintiff's Supplemental Memorandum of Law, which was filed as a separate document specifically to address the newly decided controlling authority of *Hencely v. Fluor Corp.* (Apr. 22, 2026), a Supreme Court decision on qualified immunity

that was issued after the Magistrate Judge's Findings and Recommendation were entered. This new authority directly affects the qualified immunity analysis in this case and could not have been addressed in the original Objections.

Courts routinely permit supplemental briefing to address intervening authority. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). To aggregate a supplemental memorandum addressing new Supreme Court authority with the original objections for purposes of a page-limit calculation would punish Plaintiff for bringing controlling, newly decided law to the Court's attention — a result that is contrary to the interests of justice and the proper administration of the law.

### VII. CONCLUSION

Defendants' Motion to Strike is legally unsupported by a single case citation, procedurally improper, and constitutionally infirm. It misreads the plain disjunctive text of Local Rule 7-2(b)(1), fails to allege any violation of the word-count alternative, concedes the absence of prejudice through its own conditional request for additional time, and seeks to extinguish the constitutional rights of a *pro se* litigant on a procedural technicality. The maxim *de minimis non curat lex* — the law does not concern itself with trifles — applies with full force to a one-day filing delay caused by a court system failure.

For the foregoing reasons, Plaintiff Cameron James Wilson respectfully requests that this Honorable Court:

1. **DENY** Defendants' Motion to Strike in its entirety;

2. **GRANT** Plaintiff's Motion for Leave to File Excess Pages *Nunc Pro Tunc*; and

3. **ORDER** that Plaintiff's Objections (ECF No. 57) and Supplemental Memorandum of Law (ECF No. 57-1) are accepted as filed and shall be considered in full by this Court.

DATED this 14th day of May, 2026.

Respectfully submitted,

**/s/ Cameron James Wilson**

*Pro Se* Plaintiff

1312 South 44th Avenue

Yakima, Washington 98908


## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth above, I served the foregoing PLAINTIFF'S OPPO-SITION TO DEFENDANTS' MOTION TO STRIKE upon counsel for Defendants via the Court's CM/ECF electronic filing system, which will send notification of such filing to:

Kenneth S. Montoya, OSB #064467

Keegan C. Murphy, OSB #194264

Montoya Law

350 Mission St. SE, Suite 202

Salem, OR 97302

kenny@montoyalaw.org

keegan@montoyalaw.org


**/s/ Cameron James Wilson**

*Pro Se* Plaintiff