UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **CAMERON JAMES WILSON,**<br><br>Plaintiff, *Pro Se*,<br><br><br>v.<br><br><br>**CITY OF HOOD RIVER, OFFICER EMELIKE DELANCY, OFFICER AUSTIN GRIFFIN, OFFICER RYAN JUNDT,**<br><br>Defendants. | **Case No. 3:24-cv-02033-JR**<br><br><br>**PLAINTIFF'S MOTION FOR COURT-ORDERED MEDIATION PURSUANT TO LR 16-4(e)(3)**<br><br><br>**Oral Argument Requested** |

**MOTION FOR COURT-ORDERED MEDIATION**

COMES NOW the Plaintiff, Cameron James Wilson, a sovereign individual proceeding *in propria persona* and *sui juris*, and respectfully moves this Honorable Court, pursuant to District of Oregon Local Rule 16-4(e)(3), to enter an Order directing the parties to participate in Court-sponsored mediation.

This Motion is brought upon the grounds that: (1) Defendants have failed to comply with the mandatory Alternative Dispute Resolution (ADR) conferral and reporting requirements of LR 16-4(c) and (d) throughout the *entire* pendency of this action; (2) the Court's own scheduling orders set the Joint ADR Report deadline on three separate occasions, each of which passed without compliance by the Defendants or enforcement by the Court; (3) Defendants filed their Motion for Summary Judgment (ECF No. 30) on August 6, 2025—one full calendar month before the final ADR Report deadline of September 5, 2025 had even elapsed—thereby unilaterally bypassing the

1

mandatory ADR process entirely; and (4) the interests of judicial economy, fundamental fairness, and the equitable resolution of the fourteen (14) genuine disputes of material fact currently pending before this Court strongly favor mediation prior to any ruling on the pending dispositive motions.

## I.  PROCEDURAL POSTURE AND DEFENDANTS' DOCUMENTED DEFAULT UNDER LR 16-4

### A.  The Mandatory ADR Requirements of LR 16-4

The Local Rules of Civil Practice for the District of Oregon mandate strict adherence to ADR procedures to facilitate the efficient and equitable resolution of disputes. Under LR 16-4(c):

> *"Not later than 120 days from the initiation of a lawsuit, counsel for all parties …* ***must confer*** *with all other attorneys of record and all unrepresented parties, to discuss whether the case would benefit from any private or court-sponsored ADR option."* (Emphasis added).

Furthermore, under LR 16-4(d), the parties "**must file** a 'Joint Alternative Dispute Resolution Report'" within 150 days of the initiation of the lawsuit.  These are not discretionary provisions.  The word "must" is mandatory and admits of no exception except those expressly enumerated in LR 16-4(b). *Kingdomware Technologies, Inc. v. United States*, 579 U.S. 162, 171 (2016) ("Unlike the word 'may,' which implies discretion, the word 'shall' usually connotes a requirement.")  (holding that mandatory language in a statute creates an obligation that the agency must honor).

While LR 16-4(b) enumerates nine specific classes of cases that are exempt from these mandatory requirements—including Habeas Corpus petitions, Prisoner Suits, Social Security Appeals, Civil Forfeitures, Qui Tam Actions, IRS Summons Enforcement, Student Loan Collection, and Bankruptcy Appeals—non-prisoner civil rights actions brought pursuant to 42 U.S.C. § 1983 are conspicuously and deliberately absent from the exemption list. *Expressio unius est exclusio*

*alterius*—the expression of one thing is the exclusion of the other. *Chevron U.S.A. Inc. v. Echazabal*, 536 U.S. 73, 80 (2002). Therefore, the mandatory ADR requirements of LR 16-4(c) and (d) apply with full force and effect to the instant action.

### B. *The Verified Docket Record of Defendants' Complete Non-Compliance*

A complete review of the docket in the above-captioned action, from ECF No. 1 (filed December 6, 2024) through ECF No. 67 (filed June 16, 2026), reveals the following verified, uncontroverted chronology of Defendants' total non-compliance with the Court's mandatory ADR requirements:

**VERIFIED ADR COMPLIANCE TIMELINE**

*Wilson v. City of Hood River*, Case No. 3:24-cv-02033-JR

(Derived from the Official CM/ECF Docket, ECF Nos. 1–67)

| Date | ECF | Docket Entry | ADR Status |
|---|---|---|---|
| 12/06/2024 | 1 | Complaint filed. Case initiated. 120-day ADR conferral deadline begins running under LR 16-4(c). | Clock starts |
| 12/09/2024 | 2 | Court issues Discovery and Pretrial Scheduling Order. Joint ADR Report due **5/8/2025**. | Deadline set |
| 04/05/2025 | — | 120-day mandatory ADR conferral deadline expires under LR 16-4(c). **Defendants never conferred with Plaintiff regarding ADR options.** | **DEFENDANTS IN DEFAULT** |
| 04/07/2025 | 24 | Court extends scheduling deadlines. Joint ADR Report deadline extended to **8/6/2025**. | Deadline extended (1st) |
| 05/08/2025 | — | Original Joint ADR Report deadline passes. **No report filed. No order to show cause issued by the Court.** | **1st DEADLINE MISSED** |
| 07/08/2025 | 29 | Court extends scheduling deadlines again. Joint ADR Report deadline extended to **9/5/2025**. | Deadline extended (2nd) |
| 08/06/2025 | 30 | **Defendants file Motion for Summary Judgment**—a full **thirty (30) days** before the final ADR Report deadline of 9/5/2025. No ADR report filed. No conferral conducted. | **ADR BYPASSED— MSJ FILED IN LIEU OF ADR** |

| Date | ECF | Docket Entry | ADR Status |
|---|---|---|---|
| 09/05/2025 | — | Final Joint ADR Report deadline passes. **No report ever filed. No mediation ever ordered. No settlement conference ever scheduled. No enforcement action taken by the Court.** | **FINAL DEADLINE MISSED—TOTAL NON-COMPLIANCE** |
| 03/13/2026 | 52 | Magistrate Russo issues Findings & Recommendation recommending dismissal—without ever having enforced the ADR requirement she herself set on three separate occasions. | F&R issued without ADR |
| 06/16/2026 | 67 | Defendants file Response to Plaintiff's Objections. **Still no ADR report. Still no mediation. Still no settlement conference. The entire mandatory ADR process has been ignored for the complete pendency of this action.** | **18+ MONTHS OF NON-COMPLIANCE** |

The foregoing timeline establishes, beyond any reasonable dispute, that: (1) the mandatory ADR conferral deadline under LR 16-4(c) expired on or about April 5, 2025, without any conferral by Defendants; (2) the Joint ADR Report deadline was set three separate times by this Court and missed on each occasion without any enforcement action; (3) Defendants filed their Motion for Summary Judgment on August 6, 2025—a full thirty (30) days before the final ADR Report deadline of September 5, 2025—thereby deliberately bypassing the mandatory ADR process in its entirety; and (4) not a single ADR-related docket entry exists in the entire 67-entry docket of this action.

This is not a technical oversight. This is a deliberate, documented, and uncontroverted pattern of non-compliance with a mandatory Local Rule that was designed to protect parties—particularly unrepresented pro se litigants—from the full cost and risk of litigation without first having an opportunity for equitable resolution.

## II. LEGAL STANDARD

Under LR 16-4(e)(3), "The assigned judge, on his/her own motion, or upon the motion or request of a party, may order any civil case to mediation with a mediator on the Court's list of mediators." The Federal Rules of Civil Procedure further authorize the Court to utilize special

procedures to assist in resolving disputes. Fed. R. Civ. P. 16(c)(2)(I).

Federal courts possess inherent authority to manage their dockets and promote the efficient resolution of cases. *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016). Federal courts have consistently recognized that settlement conferences and mediation serve the vital purpose of preserving judicial resources and providing parties with equitable remedies that may not be available through formal adjudication. *See G. Heileman Brewing Co. v. Joseph Oat Corp.*, 871 F.2d 648, 655 (7th Cir. 1989) (en banc) (recognizing the inherent power of district courts to compel parties with full settlement authority to attend settlement conferences); *see also Nick v. Morgan's Foods, Inc.*, 99 F. Supp. 2d 1056, 1063 (E.D. Mo. 2000) (holding that district courts have both express and inherent power to enforce ADR referral orders and to sanction parties who fail to participate in good faith). The Supreme Court has further recognized that district courts have broad authority to manage their dockets and promote the efficient resolution of cases. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991).

## III.  ARGUMENT

### A.  *The Verified Docket Record Compels Court-Ordered Mediation*

The verified timeline set forth in Section I(B) above is not merely persuasive—it is dispositive. The Court set the Joint ADR Report deadline three separate times. The defendants missed it three separate times. The defendants then filed a Motion for Summary Judgment one month before the final deadline, effectively using the dispositive motions process as a substitute for the mandatory ADR process. This Court has both the authority and the obligation to correct this procedural inequity by ordering mediation now, before ruling on the pending dispositive motions.

The prejudice to Plaintiff is manifest. The mandatory ADR process under LR 16-4 was specifically designed to give parties—particularly unrepresented litigants—a free, court-sponsored opportunity to resolve their disputes with the assistance of a neutral mediator, with the opposing party's insurance carrier present and authorized to settle. *See* LR 16-4(f)(1) (providing four hours of mediation at no cost to the parties); LR 16-4(f)(5)(iii) (requiring that a representative with full

settlement authority attend).  Defendants' non-compliance deprived Plaintiff of this opportunity entirely.  *Mathews v.  Eldridge*, 424 U.S. 319, 333 (1976) (procedural due process requires that parties receive the process to which they are entitled before deprivation of a protected interest).

## B.  *Mediation Is the Most Efficient Use of Judicial Resources*

This case currently sits at a critical procedural juncture. Pending before this Court are the Magistrate Judge's Findings and Recommendation (ECF No.  52), Plaintiff's Objections thereto (ECF No.  57), Defendants' Motion to Strike (ECF No.  60), Plaintiff's Motion for Leave to File Excess Pages (ECF No. 59), and Defendants' Response to Plaintiff's Objections (ECF No. 67).

As detailed in Plaintiff's Objections, there exist no fewer than fourteen (14) genuine disputes of material fact regarding the objective reasonableness of Defendants' conduct, the time-line of the seizure, the application of force, and the retaliatory animus underlying the arrest. Under the bedrock principles of *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986), "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." Such factual disputes preclude summary judgment and mandate a jury trial.

Before this Court expends substantial judicial resources parsing these fourteen factual disputes and issuing a comprehensive ruling on the merits, mediation offers a highly efficient alternative. Ordering mediation now, while the dispositive motions are fully briefed but undecided, maximizes the leverage for settlement and preserves judicial resources. *Dietz v. Bouldin*, 579 U.S. at 47.

## C.  *Plaintiff Asserts This Motion in Good Faith to Protect Creator-Endowed Rights*

Plaintiff brings this action to vindicate fundamental, Creator-endowed rights recognized and protected by the First, Fourth, and Fourteenth Amendments to the United States Constitution. While Plaintiff stands ready to present these constitutional claims to a jury of his peers, Plaintiff also recognizes that the equitable resolution of disputes is a hallmark of a civilized society and that

the mandatory ADR process was designed to serve that very purpose.

Defendants have demonstrated a willingness to litigate procedural technicalities—such as moving to strike Plaintiff's filings for being one day late due to a CM/ECF system failure—while simultaneously ignoring their own mandatory obligations under LR 16-4(c) for the entirety of this litigation. The contrast between Defendants' aggressive enforcement of procedural rules against Plaintiff and their complete disregard for their own mandatory procedural obligations is not lost on this Court. *Foman v. Davis*, 371 U.S. 178, 181 (1962) (courts should not allow procedural rules to be weaponized to deny parties their day in court). By filing this Motion, Plaintiff demonstrates the good faith that Defendants have thus far failed to exhibit regarding the Court's mandatory ADR procedures.

### D.  The Free Court-Sponsored Mediation Program Eliminates Any Prejudice to Defendants

Under LR 16-4(f)(1), Court-sponsored mediators provide four (4) hours of mediation at no cost to the parties. Under LR 16-4(f)(5)(iii), each party must have present at the mediation a representative with full settlement authority. Under LR 16-4(f)(5)(iv), failure to participate in good faith in the mediation process may result in the imposition of sanctions.

Defendants cannot claim prejudice from being required to participate in a free, court-sponsored process that they were already legally obligated to initiate. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). The only party who has suffered prejudice from the failure to conduct ADR is the Plaintiff, who was denied the opportunity for a free, court-sponsored mediation with the City's insurance carrier present and authorized to settle.

## IV.  CERTIFICATION OF CONFERRAL

Pursuant to LR 7-1(a), Plaintiff certifies that conferral on this specific Motion was not conducted for the following reasons, each of which independently justifies the absence of pre-filing conferral:

*First*, Defendants have already failed to comply with the mandatory ADR conferral

requirement of LR 16-4(c). Defendants were obligated to initiate conferral regarding ADR within 120 days of the lawsuit's initiation—by approximately April 5, 2025—and failed to do so. It would be incongruous to require Plaintiff to confer with Defendants about a process that Defendants were already legally obligated to initiate and deliberately failed to initiate for over eighteen (18) months.

*Second*, LR 16-4(e)(3) expressly permits a party to request court-ordered mediation directly from the assigned judge, without conditioning such request on prior agreement from the opposing party. The rule's text is unambiguous: "upon the motion or request of a party, [the judge] may order any civil case to mediation." No conferral prerequisite is stated.

*Third*, given Defendants' documented, eighteen-month pattern of non-compliance with the mandatory ADR requirements, further conferral on this issue would be futile. The futility of further conferral is self-evident from the verified docket record: Defendants had eighteen (18) months to initiate the mandatory ADR conferral and deliberately chose not to do so. Requiring Plaintiff to confer with Defendants about a process they have already refused to engage in would be an exercise in futility and would serve no purpose other than to further delay the resolution of this action.

## V.  CONCLUSION

For the foregoing reasons, and upon the verified docket record establishing Defendants' complete and uncontroverted non-compliance with the mandatory ADR requirements of LR 16-4(c) and (d) throughout the entire pendency of this action, Plaintiff respectfully requests that this Honorable Court:

1. Enter an Order pursuant to LR 16-4(e)(3) directing the parties to participate in Court-sponsored mediation with a mediator from the Court's approved list;

2. Direct that the mediation be completed within sixty (60) days of the Court's Order;

3. Direct that each party have present at the mediation a representative with full settlement authority, including a representative of the City of Hood River's insurance carrier, as required

8

by LR 16-4(f)(5)(iii);

4. Stay a ruling on all pending dispositive motions, including the Findings and Recommendation (ECF No. 52), the Motion to Strike (ECF No. 60), and the Motion for Leave to File Excess Pages (ECF No. 59), until the conclusion of the mediation process; and

5. Grant such other and further relief as this Court deems just and equitable.

Respectfully submitted this 6 day of July, 2026.

**/s/ Cameron James Wilson**

Plaintiff, *Pro Se, Sui Juris*

Tel: 503-496-9239

Email: toneavii@gmail.com

---

## CERTIFICATE OF SERVICE

I hereby certify that on the 6 day of July, 2026, I filed the foregoing Motion for Court-Ordered Mediation with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record, including:

Keegan Murphy, Esq.

Kenneth S. Montoya, Esq.

Dallin Marcus Snyder, Esq.

Montoya Law LLC

350 Mission Street SE, Suite 202

Salem, OR 97302

keegan@montoyalaw.org


**/s/ Cameron James Wilson**

Plaintiff, *Pro Se*