UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **CAMERON JAMES WILSON,**<br><br>      Plaintiff, *Pro Se*,<br><br><br>v.<br><br><br>**CITY OF HOOD RIVER, OFFICER EMELIKE DELANCY, OFFICER AUSTIN GRIFFIN, OFFICER RYAN JUNDT,**<br><br>      Defendants. | **Case No. 3:24-cv-02033-JR**<br><br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR COURT-ORDERED MEDIATION PURSUANT TO LR 16-4(e)(3)** |

**[PROPOSED] ORDER**

This matter comes before the Court upon Plaintiff's Motion for Court-Ordered Mediation Pursuant to District of Oregon Local Rule 16-4(e)(3) (ECF No. ___). The Court, having reviewed the Motion, the verified docket record in this case, and the applicable Local Rules and Federal Rules of Civil Procedure, and being fully advised in the premises, hereby finds as follows:

**FINDINGS**

1. Under District of Oregon Local Rule 16-4(c), the parties were required to confer regarding Alternative Dispute Resolution (ADR) options within one hundred twenty (120) days of the initiation of this lawsuit. The case was filed on December 6, 2024. The 120-day conferral deadline expired on or about April 5, 2025. The record reflects that no such conferral was conducted.

1

2. Under District of Oregon Local Rule 16-4(d), the parties were required to file a Joint Alternative Dispute Resolution Report within one hundred fifty (150) days of the initiation of this lawsuit. The Court set the Joint ADR Report deadline on three separate occasions: May 8, 2025 (ECF No. 2); August 6, 2025 (ECF No. 24); and September 5, 2025 (ECF No. 29). No Joint ADR Report was ever filed.

3. This action, brought pursuant to 42 U.S.C. § 1983, is not among the classes of cases exempt from the mandatory ADR requirements under LR 16-4(b).

4. Defendants filed their Motion for Summary Judgment (ECF No. 30) on August 6, 2025—thirty (30) days before the final Joint ADR Report deadline of September 5, 2025—without having complied with the mandatory ADR conferral or reporting requirements.

5. Under LR 16-4(e)(3), this Court possesses the authority to order any civil case to mediation with a mediator on the Court's list of mediators, upon the motion or request of a party.

6. Given the current procedural posture of the case—including the pending Findings and Recommendation (ECF No. 52), Plaintiff's Objections thereto (ECF No. 57), Defendants' Motion to Strike (ECF No. 60), Plaintiff's Motion for Leave to File Excess Pages (ECF No. 59), and Defendants' Response to Plaintiff's Objections (ECF No. 67)—the Court finds that referring this matter to Court-sponsored mediation serves the interests of judicial economy, fundamental fairness, and the equitable resolution of disputes.

7. The Court further finds that the mandatory ADR process was not followed in this case and that Plaintiff was deprived of the opportunity for Court-sponsored mediation to which he was entitled under the Local Rules.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's Motion for Court-Ordered Mediation (ECF No. 68) is **GRANTED**.

2. The parties are hereby **REFERRED** to Court-sponsored mediation pursuant to District of Oregon Local Rule 16-4(f).

3. The Clerk of Court shall provide the parties with the Court's list of approved mediators within seven (7) days of the date of this Order.

4. The parties shall confer and select a mediator from the Court's approved list within fourteen (14) days of receiving the list. If the parties cannot agree on a mediator within fourteen (14) days, each party shall submit a list of three (3) acceptable mediators to the Court, and the Court will designate a mediator.

5. The mediation shall be completed within **sixty (60) days** of the date of this Order.

6. Pursuant to LR 16-4(f)(1), the Court-sponsored mediator shall provide up to four (4) hours of mediation at no cost to the parties.

7. Pursuant to LR 16-4(f)(5)(iii), each party must have present at the mediation a representative with **full settlement authority**. For Defendants, this includes:

   (a) Lead counsel of record (Keegan Murphy, Esq., or designee);

   (b) A representative of the City of Hood River with authority to bind the City to a settlement agreement; and

   (c) A representative of Defendants' liability insurance carrier with full settlement authority.

8. Plaintiff, Cameron James Wilson, shall attend the mediation in person or by video conference as agreed by the parties and the mediator.

9. All parties shall participate in the mediation process in **good faith**. Pursuant to LR 16-4(f)(5)(iv), failure to participate in good faith may result in the imposition of sanctions.

10. All pending motions—including Plaintiff's Motion for Leave to File Excess Pages (ECF No. 59), Defendants' Motion to Strike (ECF No. 60), and the Court's ruling on the Findings and Recommendation (ECF No. 52)—are hereby **STAYED** pending the conclusion of the mediation process or further order of this Court.

11. Not later than seven (7) days following the conclusion of the mediation, the mediator shall file a notice with the Court indicating whether a settlement was reached. If a settlement is reached, the parties shall file a stipulated dismissal or consent judgment within thirty (30) days of the mediation. If no settlement is reached, the stay on all pending motions shall be automatically lifted and the Court will proceed to rule on all pending matters.

12. The mediation proceedings, including all statements, offers, and communications made during the mediation, shall be confidential and shall not be disclosed to the Court or used as evidence in any subsequent proceeding, consistent with LR 16-4(f)(6).

**IT IS SO ORDERED.**

DATED this _____ day of _____, 2026.

_____

**HON. ADRIENNE NELSON**

United States District Judge

District of Oregon

4