IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CAMERON WILSON, | Case No.: 3:24-cv-02033-JR |
| Plaintiff, | |
| v. | ORDER |
| CITY OF HOOD RIVER, a municipal corporation; OFFICER EMELIKE DELANCY, in his individual capacity; OFFICER AUSTIN GRIFFIN, in his individual capacity; and OFFICER RYAN JUNDT, in his individual capacity, | |
| Defendants. | |

**Adrienne Nelson, District Judge:**

United States Magistrate Judge Jolie A. Russo issued a findings and recommendation ("F&R") in this case on March 13, 2026, recommending that this Court grant defendants City of Hood River, Officer Emelike Delancy, Officer Austin Griffin, and Officer Ryan Jundt's motion for summary judgment and dismiss this case. On May 12, 2026, plaintiff Cameron Wilson filed a 66-page document which included plaintiff's objections to the F&R and a memorandum of law in support of those objections. Plaintiff also separately filed a declaration in support thereof. On May 14, 2026, plaintiff moved for leave to file excess pages, relating to the already-filed objections. That same day, defendants moved to strike plaintiff's objections as untimely and as in excess of the 35-page limit set by Local Rule 7-2. Plaintiff responded in opposition to defendants' motion to strike, and defendants responded in opposition to plaintiff's objections. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) and Federal Rule of Civil Procedure 72(b). For the reasons stated below, the Court ADOPTS the F&R in full and, finding that adoption of the F&R in full is appropriate regardless of the arguments made in the contested materials, exercises its discretion to GRANT plaintiff's motion for leave to file excess pages. Accordingly, defendants' motion to strike plaintiff's objections is DENIED.

A district court judge may "accept, reject, or modify, in whole or in part, the findings or

1

recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a magistrate judge issues findings and recommendations on a dispositive matter and a party files objections, "the court shall make a de novo determination of those portions of the report." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

In this action, plaintiff alleges violations of his First, Fourth, and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983. Am. Compl., ECF 13. The discovery deadline and dispositive motions deadline were eventually extended to August 6, 2025. *See* Order of July 8, 2025, ECF 29. On that date, defendants filed a motion for summary judgment, ECF 30. The parties fully briefed the motion, and on March 13, 2026, Judge Russo issued the now-pending F&R, ECF 52, recommending that this Court grant defendants' motion for summary judgment and dismiss this case. This Court extended plaintiff's deadline to file objections to the F&R to May 11, 2026. Order of March 25, 2026, ECF 56. On May 12, 2026, plaintiff filed his combined objections and memorandum of law in support thereof, ECF 57 ("Pl. Objs."); ECF 57-1 ("Pl. Mem."), which totals 66 pages. Plaintiff also filed a declaration in support thereof, ECF 58, asserting excusable neglect for untimely filing his objections. On May 14, 2026, plaintiff filed a motion for leave to file excess pages, seeking leave nunc pro tunc "to cure any potential procedural defect" arising related to the page count of his objections. Pl. Mot. for Leave, ECF 59, at 1. Also on May 14, defendants moved to strike plaintiff's objections as untimely and as in excess of the 35-page limit set by Local Rule 7-2. Defs. Mot. to Strike, ECF 60. Defendants also responded in opposition to plaintiff's objections, ECF 67, and plaintiff responded in opposition to defendants' motion to strike, ECF 62.

Plaintiff's objections to the F&R are extensive. Plaintiff asserts that the F&R erred in finding that defendants' facts are uncontroverted by the evidence in the record and by resolving disputes of material fact in favor of the movants. Pl. Objs. 6 (all references to ECF pagination). Plaintiff asserts that six of the F&R's findings are contradicted by evidence in the record, *id.* at 3, 11-20, and identifies fourteen purported disputes of material fact that should have precluded summary judgment, *id.* at 21-24. Plaintiff then raises nineteen specific objections to the F&R's factual findings and legal conclusions. *Id.* at 3-5, 24-43. The

Court has thoroughly reviewed the record and the filings pertinent to the issues now before it and concludes that plaintiff's objections are without merit.

Plaintiff's supplemental memorandum raises two non-repetitive arguments: First, the codified text of Section 1983 incorrectly codified the text of the Civil Rights Act of 1871 and this "scrivener's error" is an improper source of qualified immunity.  *See* Pl. Mem. 5-7.  Second, the Supreme Court's decision in *Hencely v. Fluor Corp.*, which was issued after the F&R, impliedly abrogates the qualified immunity defense.  *See id.* at 7-12, 14-15.  Both arguments fail because "[b]inding authority must be followed unless and until overruled by a body competent to do so."  *Hart v. Massanari*, 266 F.3d 1155, 1170 (9th Cir. 2001).  Neither of the authorities cited by plaintiff abrogate the Supreme Court's qualified immunity doctrine, which continues to be binding law.  *See Zorn v. Linton*, 607 U.S. ----, 146 S. Ct. 926, 930 (2026).

Upon de novo review, this Court agrees with the F&R's findings and recommendation.  Accordingly, the Court ADOPTS the F&R, ECF 52, in full; GRANTS defendants' motion for summary judgment, ECF 30; and DISMISSES this case.  Plaintiff's motion for leave to file excess pages, ECF 59, is GRANTED, and defendants' motion to strike, ECF 60, is DENIED.  Judgment shall follow.

IT IS SO ORDERED.

DATED this 5th day of August, 2026.

_____
Adrienne Nelson
United States District Judge