Kenneth S. Montoya, OSB #064467
*kenny@montoyalaw.org*
Keegan C. Murphy
*keegan@montoyalaw.org*
Montoya Law
350 Mission St. SE, Suite 202
Salem, OR 97302
Telephone: (503) 990-8436
Fax: (503) 878-8598
Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

CAMERON WILSON,

Plaintiff,

v.

CITY OF HOOD RIVER, a municipal corporation; OFFICER EMELIKE DELANCY, in his individual capacity; OFFICER AUSTIN GRIFFIN, in his individual capacity; OFFICER RYAN JUNDT, in his individual capacity,

Defendants.

Case No. 3:24-cv-2033-JR

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT**

**RESPONSE**

After four separate rounds of briefing totaling just shy of 300 combined pages—including Plaintiff's response to Defendants' motion for summary judgment, two sur-responses, and Plaintiff's objections to the magistrate judge's findings and recommendations—Plaintiff again asks this Court to consider the exact same arguments that it has already squarely rejected in the hopes of achieving a different result. Plaintiff claims that this Court missed several genuine

issues of material fact which should have precluded summary judgment, including whether at the time he was stopped he was driving his car or had just exited, whether Plaintiff was given an opportunity to identify himself before he was detained, whether the officers provided Plaintiff their badge numbers, whether Officer Delancy saw Plaintiff's covered VIN before detaining him, and whether Plaintiff's behavior provided a basis for detention. As explained in further detail below, Plaintiff's arguments are not the proper subject of a motion under Rule 59(e) and, even if they were, this Court correctly rejected them the first time they were raised. As a result, Defendants City of Hood River, Officer Emelike Delancy, Officer Austin Griffin, and Officer Ryan Jundt ("Defendants") respectfully request that Plaintiffs' motion be denied.

## I. LEGAL STANDARD

"Rule 59(e) provides an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kaufmann v. Kijakazi*, 32 F.4th 843, 851 (9th Cir. 2022) (internal quotation marks omitted). "Indeed, a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.*

## II. ARGUMENT

### *A. Plaintiff's Position When Stopped*

Plaintiff first argues that this Court erred in accepting Defendants' contention that Plaintiff was stopped while driving for the traffic violation of illegally displaying his license

plates, ORS 803.550, when in reality officers only stopped him once he had exited his vehicle and was walking down the street. Plaintiff's Motion to Alter or Amend Judgment ("Plaintiff's Motion") at 3 (ECF No. 73). As a threshold matter, this issue could have been and was, in fact, actually presented to the Court during prior briefing on Defendants' Motion for Summary Judgment. *See* Defendants' Response to Plaintiff's Objections to Findings and Recommendations at 6-8 (ECF No. 67). That alone is disqualifying for a motion under FRCP 59(e). *See Carroll v. Nakatani*, 342 F.3d at 945 ("A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.").

However, even if it were not, this argument also still fails on its merits. Plaintiff claims that whether he was stopped while still in the vehicle or immediately after exiting "materially affects . . . whether Plaintiff was an occupant subject to an ongoing stop, when any seizure began, and what objectively justified the commands that preceded handcuffing." Motion at 3. However, Plaintiff does not elaborate on how his position at the moment of the stop affects any of those issues or what consequences it has for the rest of the stop. Plaintiff does not dispute that he did not have a license plate, that he was operating his vehicle, or that Defendants saw him doing so. Plaintiff even admits in his own briefing that those facts provided a lawful basis to stop him for a traffic offense and permitted the officers to order him to return to the vehicle. *See United States v. Williams*, 419 F.3d 1029, 1032-34 (9th Cir. 2005); Motion at 3 ("This does not mean, as a matter of law, that officers lacked every authority to investigate the parked vehicle or speak with Plaintiff. Nor does it deny that a lawful traffic stop may authorize officers to exercise

control over occupants of the stopped vehicle."). This Court therefore correctly concluded that Plaintiff was lawfully stopped for a traffic infraction.

*B. Sequence of Events Prior to Handcuffing*

Plaintiff next argues that there is a dispute that should have prevented summary judgment in the sequence of events that played out prior to him being placed in handcuffs. Again, this issue was extensively litigated at summary judgment, which means it is not properly the subject of a motion under FRCP 59(e). *See* Defendants' Motion for Summary Judgment at 7-8 (ECF No. 36) ("Defendants' MSJ"). However, even if it were, Plaintiff's argument is once more without merit.

The crux of Plaintiff's argument appears to be that, construed in his favor, a factfinder could view his exchange with the officers where he was ordered to return to his vehicle and placed in handcuffs when he refused to do so as "a coercive command followed by restraint before any direct name request." Motion at 4. The problem with Plaintiff's argument is that Defendants have never contended otherwise. Officer Delancy's request for Plaintiff to return to his vehicle was indeed a command—one lawfully justified after Plaintiff attempted to exit his vehicle during a traffic stop. *See Williams*, 419 F.3d at 1032-34 ("[I]t is reasonable for an officer to order a passenger back into an automobile that he voluntarily exited because . . . the need for officers to exercise control over individuals encountered during a traffic stop[ ] outweigh[s] the marginal intrusion on the passenger's liberty interest."). Likewise, Defendants agree that Plaintiff was not asked for his name prior to being placed in handcuffs, but that fact is inconsequential as a failure to identify himself was never part of the basis for Plaintiff's detention. Plaintiff was lawfully ordered to return to his vehicle after officers observed him

attempt to leave the scene of the traffic stop and detained him in handcuffs after he refused to comply with that order. Neither the fact that Plaintiff was ordered to return to his vehicle nor that Officers did not ask Plaintiff for his name prior to detaining him amounts to a genuine issue of material fact that should have prevented summary judgment. Accordingly, they provide no basis for reconsideration of this Court's decision.

*C. Request for Officer Jundt's Badge Number*

Plaintiff argues that, in adopting the Findings and Recommendations, this Court stated that the Officers provided their names and badge numbers when, in reality, the video reflects that only two of the three officers provided their badge numbers. Motion at 4. Again, Plaintiff already raised this issue during summary judgment proceedings. Plaintiff's Objections to Findings and Recommendations at 14 (ECF No. 57) ("Objections"). However, even if he had not, whether Officer Jundt provided his badge number prior to Plaintiff's detention is entirely inconsequential to this case. Plaintiff's Motion claims that whether Officer Jundt provided his badge number "is material to the Court's treatment of the encounter because Jundt also testified that Plaintiff's request was not threatening and was not obstruction in that situation." Motion at 5. It is not immediately clear to Defendants what this statement means or what relationship Officer Jundt's inability to provide his badge number prior to Plaintiff's detention has to whether Plaintiff's request was threatening or obstructive. Nevertheless, none of those issues were ultimately the basis for the Court's decision in this case. Defendants have never argued and this Court did not conclude that Plaintiff's request for their badge numbers was threatening, obstructive, or otherwise provided grounds for detaining Plaintiff. *See* Findings and Recommendations at 4-5 (ECF No. 52) ("F&R") (finding detention justified because of officers'

authority to order passenger to return to vehicle during traffic stop). Accordingly, nothing in this argument provides a basis for altering or amending the judgment in this matter.

*D. Plaintiff's Covered VIN*

Plaintiff next argues that there is a genuine issue of material fact regarding whether Defendants observed his covered VIN prior to detaining him and thus whether there was probable cause to believe he had violated ORS 819.430. Motion at 5. In addition to the fact that this issue was already extensively litigated during summary judgment, *see* Plaintiff's Sur-Reply in Opposition to Defendants' Motion for Summary Judgment at 2 (ECF No. 44), Plaintiff's argument again fails because this issue was not part of the Court's decision in this case. Although Defendants did argue as one theory that Plaintiff's detention was justified by probable cause to believe he had violated ORS 819.430, this Court never reached that argument. Instead, this Court concluded that the detention was justified after Plaintiff refused the officers' commands to return to his vehicle. *See* F&R at 4-5. Accordingly, this argument provides no basis to alter or amend the judgment.

*E. Plaintiff's Non-Compliance with Orders to Return to Vehicle*

Plaintiff repeats his argument from summary judgment that there is a genuine issue of material fact regarding whether there was legal justification for detaining him. Specifically, Plaintiff points out that several defendants testified during depositions that Plaintiff did not physically resist being handcuffed, did not behave threateningly during the encounter, and did not otherwise do anything dangerous. Motion at 5-6. Against that, Plaintiff attempts to juxtapose Defendants' position that the detention was justified because Plaintiff ignored several lawful orders and attempted to walk away from the encounter. Motion at 6. Plaintiff claims that

a factfinder could choose to credit either of these accounts, thus giving rise to an issue for trial. Motion at 6. However, these two different accounts are not actually in conflict. The fact that Plaintiff did not behave threateningly and cooperated during the handcuffing process says nothing about whether he obeyed the lawfully given orders that preceded it or whether he gave officers reason to believe he would attempt to leave the scene. In reality, there is no dispute of fact related to the events leading up to Plaintiff's handcuffing. As the Court has already seen, video evidence plainly reflects that Plaintiff ignored multiple lawfully given orders to return to his vehicle and attempted to walk away from the scene of the stop. That undisputed evidence gave the officers a lawful basis to detain Plaintiff such that Defendants were correctly granted summary judgment on Plaintiff's Fourth Amendment claim.

*F. Rice v. Morehouse and Zorn v. Linton*

In his next argument, Plaintiff invokes two cases for the first time: *Rice v. Morehouse*, 989 F.3d 1112 (9th Cir. 2021), and *Zorn v. Linton*, 607 U.S. 568, 582, 146 S. Ct. 926, 936, 224 L.Ed.2d 400, 410 (2026). Although both cases are factually dissimilar from this one, Plaintiff argues that they are pertinent insofar as they hold that, when the record permits competing inferences regarding level of threat and the need to use force, Courts must resolve those inferences in Plaintiff's favor. Motion at 7.

Defendants do not dispute this basic principle of summary judgment. However, the problem Plaintiff encounters here is that the record permits only one inference regarding the need for force. As discussed in the previous section, the officers undisputedly asked Plaintiff multiple times to return to his vehicle and Plaintiff refused to comply. At the point where Plaintiff has refused multiple lawful orders to return to his vehicle and attempted to walk away from the

encounter, there is no question for a jury about whether the officers were authorized to detain him. Accordingly, this Court properly granted summary judgment for Defendants.

*G. Nieves v. Bartlett*

Finally, Plaintiff appears to argue that the Court in some way misapplied the requirement from *Nieves v. Bartlett*, 587 U.S. 391, 139 S. Ct. 1715, 204 L.Ed.2d 1 (2019), that Plaintiff prove the absence of probable cause to prevail on a First Amendment retaliatory arrest claim. Motion at 7-8. Once again, however, Plaintiff is arguing about an action that this Court did not take. In the findings and recommendations that were later adopted by the Court, the magistrate judge concluded that Plaintiff's First Amendment retaliatory arrest claim failed because there was no evidence of causal connection between Plaintiff's request for a badge number and his detention. F&R at 5. Although Defendants also argued that Plaintiff failed to satisfy the *Nieves* requirement, the Court did not ever reach that issue. Thus, Plaintiff's argument provides no reason why this Court should alter or amend its judgment.

**CONCLUSION**

In sum, Plaintiff's Motion is largely a retread of the same arguments that this Court previously considered and rejected during summary judgment. Because those arguments were previously available to Plaintiff, this Court should deny his motion on that basis alone. However, even on the merits, Plaintiff's arguments also provide no basis for this Court to reconsider its decision to grant summary judgment. Accordingly, Defendants respectfully request that this Court deny Plaintiff's Motion.

DATED this 31st Day of August, 2026.

Keegan C. Murphy, OSB #194264
Kenneth S. Montoya, OSB #064467
Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT** on:

Cameron Wilson
1312 South 44th Avenue
Yakima, Washington 98908
Pro Se

by the following indicated method or methods:

☒ by **electronic means through the Court's Case Management/Electronic Case File system** on the date set forth below;

by **emailing** a copy thereof to each attorney at each attorney's last-known email address on the date set forth below;

by **mailing** a full, true, and correct copy thereof in a sealed, first-class postage-prepaid envelope, addressed to plaintiff's last-known address listed above and depositing it in the U.S. mail at Salem, Oregon on the date set forth below.

DATED this 31st day of August, 2026.

Keegan C. Murphy, OSB #194264
Kenneth S. Montoya, OSB #064467
Attorneys for Defendants