**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

**CAMERON WILSON,**

Plaintiff, *Pro Se*,

v.

**CITY OF HOOD RIVER**, a municipal corporation; **OFFICER EMELIKE DELANCY**, in his individual capacity; **OFFICER AUSTIN GRIFFIN**, in his individual capacity; and **OFFICER RYAN JUNDT**, in his individual capacity,

Defendants.

**Case No. 3:24-cv-02033-JR**

**PLAINTIFF'S REPLY IN SUPPORT OF RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT (ECF No. 73)**

## REPLY

Defendants' Response (ECF No. 75) does not dispel the manifest Rule 56 error identified in Plaintiff's Motion. It reproduces that error. Its merits analysis repeatedly assumes, as an antecedent and adjudicated fact, that Plaintiff was already an occupant of an "ongoing traffic stop" before Officer Austin Griffin called him back from a public sidewalk. From that assumed premise, Defendants characterize every ensuing command as necessarily lawful, every effort to disengage as an attempt to leave "the scene of the stop," and immediate handcuffing as a legally inevitable response to noncompliance. But the premise is the controversy. A conclusion cannot be embedded in its own premise and then invoked to foreclose trial; *petitio principii* is not a substitute for Rule 56 analysis.

The existing summary-judgment record—most notably Defendants' own witness, Officer Griffin—permits a materially different chronology. Griffin testified that officers were pulling over

"one specific car"; that Delancy then directed him to "call [Wilson] back"; that Griffin would not have physically stopped Plaintiff had Plaintiff continued walking; and that Plaintiff willingly returned and conversed. (Griffin Dep. 33:7–21, 35:1–14, 77:1–19, Ex. C, ECF No. 35-1.) Griffin further testified that he observed no dangerous conduct, did not perceive flight, did not recall belligerence, and did not recall physical resistance. (*Id.* 19:17–20:3, 21:22–23.)

Plaintiff does not ask the Court to adjudicate that account as true. He asks the Court to perform the narrower duty Rule 56 makes indispensable: recognize that the evidence permits the account and refrain from selecting Defendants' contrary version. *Tolan v. Cotton*, 572 U.S. 650, 656–60 (2014) (per curiam). Because the Response again converts the disputed designation "ongoing traffic stop" into the dispositive premise from which all later conclusions are drawn, relief under Rule 59(e) remains warranted.

## I. DEFENDANTS' RULE 59(e) ARGUMENT CONFLATES IMPERMISSIBLE NOVELTY WITH THE RULE'S EXPRESS CORRECTIVE FUNCTION

Defendants correctly recite that Rule 59(e) is extraordinary and may not be used to introduce arguments or evidence that reasonably could have been presented before judgment. (ECF No. 75 at 2–3.) Their conclusion, however, does not follow from their authority. They acknowledge that the traffic-stop issue "was, in fact, actually presented to the Court during prior briefing," but then assert that prior presentation is "alone disqualifying." (*Id.* at 3.) That proposition would erase clear-error review precisely where it is designed to operate.

*Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003), prohibits a litigant from withholding available matter and unveiling it only after judgment. It does not hold that a court is powerless to correct a manifest error concerning evidence timely submitted, specifically cited, and incorporated into the adjudicative record. The Supreme Court describes Rule 59(e) as the mechanism by which a district court may "rectify its own mistakes in the period immediately following" judgment, while limiting the inquiry to matters properly encompassed in the merits decision. *Banister v. Davis*, 590 U.S. 504, 507–08 (2020) (quoting *White v. New Hampshire Department of Employment Security*, 455 U.S. 445, 450 (1982)). The Ninth Circuit likewise has held that Rule 59(e) "permits, if not

encourages," correction of a district court's own clear error. *Kaufmann v. Kijakazi*, 32 F.4th 843, 851–52 (9th Cir. 2022).

Plaintiff relies upon no newly discovered evidentiary matter. Griffin's signed deposition was filed as Exhibit C at ECF No. 35-1. The encounter-inception dispute and its legal significance were presented before judgment and again in the specific objections at ECF No. 57. The Order itself acknowledges that Plaintiff identified contradicted findings, disputed material facts, and specific objections. (ECF No. 70 at 2.) This is therefore not a prohibited second presentation of a withheld theory. It is a timely request that the Court correct the treatment of evidence already before it.

Nor is Plaintiff asserting that any debatable disagreement constitutes clear error. *McDowell v. Calderon*, 197 F.3d 1253, 1255–56 (9th Cir. 1999) (en banc). The asserted error is concrete and outcome-determinative: judgment rests on the premise that Plaintiff disobeyed lawful commands as an occupant of an already-existing traffic stop, while competent evidence permits a reasonable factfinder to reject the historical predicate that such a stop had attached to Plaintiff before the commands and restraint. The volume of prior briefing cannot answer that discrete defect. Rule 56 turns on how the material evidence was construed, not on how many pages discussed it.

## II. "ONGOING TRAFFIC STOP" IS DEFENDANTS' CONTESTED CONCLUSION, NOT AN UNDISPUTED HISTORICAL FACT

Defendants describe Plaintiff as having "attempted to exit his vehicle during a traffic stop" and as later attempting to leave "the scene of the traffic stop." (ECF No. 75 at 4–5, 7.) Those formulations are not neutral descriptions. Each resolves the precise antecedent dispute on which the asserted lawfulness of the later commands depends.

Griffin's deposition, taken with contemporaneous video during the examination, permits a different sequence. Griffin agreed that officers were pulling over "one specific car" and that he did not know what Delancy had independently observed. (Griffin Dep. 33:7–21, Ex. C, ECF No. 35-1.) Griffin then agreed that, while officers were making a stop on that car, Delancy stated, "And he don't have plates on his car. So call him back, call him back." (*Id.* 35:1–14.) Most materially, Griffin testified that, had Plaintiff continued walking, Griffin "wouldn't have physically stopped"

him; Griffin instead would have informed Delancy. Griffin further testified that Plaintiff "willingly came up and had a conversation" and returned to determine what was occurring and whether he could assist. (*Id.* 77:1–19.)

Plaintiff candidly acknowledges that Griffin elsewhere characterized the broader occurrence as a traffic stop. (*Id.* 36:12–18.) That characterization creates an evidentiary conflict; it does not extinguish one. Whether and when a seizure occurred is governed by objective manifestations of authority and submission, not an officer's retrospective legal nomenclature. *California v. Hodari D.*, 499 U.S. 621, 626–29 (1991). A driver and passenger ordinarily are seized when police intentionally stop the vehicle they occupy. *Brendlin v. California*, 551 U.S. 249, 254–59 (2007). Conversely, an encounter remains consensual until the circumstances objectively communicate that the person is not free to terminate it. *Florida v. Bostick*, 501 U.S. 429, 434–37 (1991).

Defendants remain free to argue that Delancy observed Plaintiff driving without a displayed plate, intended to detain him, or possessed reasonable suspicion to investigate. But an uncommunicated intention or an observed infraction is not itself the historical act of stopping Plaintiff's vehicle while he remained an occupant. The record permits a factfinder to conclude that officers stopped another vehicle; Plaintiff independently parked and reached the sidewalk; Griffin initiated a voluntary effort to speak with him; Plaintiff returned willingly; and coercive detention arose only when Delancy subsequently issued commands backed by threatened restraint. (Griffin Dep. 33:7–21, 35:1–14, 77:1–19, Ex. C, ECF No. 35-1.)

That distinction is material. It bears directly upon the encounter's inception, the source and scope of any lawful authority, the nature of Plaintiff's attempted disengagement, and whether the means used to enforce compliance were reasonable. Defendants cannot convert that dispute into an undisputed fact merely by repeating the phrase "ongoing traffic stop." An *ipse dixit* label does not perform the constitutional analysis.

## III. *UNITED STATES v. WILLIAMS* PRESUPPOSES THE VERY FACT DEFENDANTS HAVE NOT ESTABLISHED AS UNDISPUTED

Defendants principally invoke *United States v. Williams*, 419 F.3d 1029 (9th Cir. 2005), for the

settled proposition that an officer may order a passenger who exits an already-stopped automobile to return to it. (ECF No. 75 at 3–5.) Plaintiff does not contest that rule. He contests Defendants' effort to import its factual predicate by assumption.

In *Williams*, police already had stopped the automobile in which Williams was riding; Williams exited the passenger side during that completed stop; and the Ninth Circuit balanced the marginal intrusion of ordering that passenger back into the stopped automobile against the officers' need to control its occupants. 419 F.3d at 1031–34. The record here permits a materially different finding: officers had effected a stop of one other vehicle while Plaintiff's vehicle was already parked and Plaintiff was on a public sidewalk; Griffin initially would not have physically prevented him from continuing; and Plaintiff willingly returned to converse. (Griffin Dep. 33:7–21, 35:1–14, 77:1–19, Ex. C, ECF No. 35-1.)

Defendants' syllogism therefore begs the dispositive question: the return command was lawful because Plaintiff was already an occupant of an ongoing traffic stop; Plaintiff's departure justified handcuffing because the command was lawful; and Plaintiff is treated as part of the stop because he did not obey the command premised on that status. The constitutional predicate cannot be proved by the governmental response whose legality depends upon it.

This does not mean that officers were forbidden to investigate a perceived plate-display violation or initiate an investigatory detention supported by reasonable suspicion. It means only that *Williams* cannot supply a categorical answer without an antecedent determination of when Plaintiff was seized, what facts justified the seizure at that moment, and whether its scope and manner remained reasonably related to those facts. Where sworn testimony permits competing historical inferences, *Tolan* requires the plaintiff-favorable inference at summary judgment. 572 U.S. at 656–60.

## IV. EVEN ASSUMING AN INVESTIGATORY BASIS, DEFENDANTS DO NOT ELIMINATE THE DISTINCT DISPUTES CONCERNING ARREST-LEVEL RESTRAINT AND FORCE

Defendants contend that the record permits "only one inference regarding the need for force"

because Plaintiff refused lawful commands and attempted to walk away. (ECF No. 75 at 7.) That assertion assumes the lawfulness and scope of the commands. It also omits Defendants' own testimony concerning the factors that govern the degree of permissible intrusion.

Griffin testified that he observed no dangerous conduct; did not recall Plaintiff being belligerent, yelling, or screaming; and did not believe Plaintiff attempted to flee. (Griffin Dep. 19:17–20:3, Ex. C, ECF No. 35-1.) He further testified that Plaintiff requested badge numbers and was placed in handcuffs during that request or shortly thereafter, and that Griffin did not recall Plaintiff physically resisting arrest. (*Id.* 20:22–21:3, 21:22–23.) Those admissions do not compel judgment for Plaintiff. They do foreclose Defendants' assertion that the record permits only their inference.

The Ninth Circuit determines whether an investigatory detention became an arrest by examining both the quantum of intrusion and whether the methods used were justified by particularized safety, flight, or resistance circumstances. *Washington v. Lambert*, 98 F.3d 1181, 1189–92 (9th Cir. 1996). Handcuffing is not forbidden in every *Terry* detention, but neither is it automatically reasonable whenever an officer utters a command. The constitutional inquiry remains fact-specific. *Id.* The same is true of force. *Rice v. Morehouse*, 989 F.3d 1112, 1122–27 (9th Cir. 2021), recognizes that the distinction between passive resistance and conduct presenting a material threat can control both objective reasonableness and clearly established law.

Defendants answer that *Rice* was cited after judgment and involved different force. (ECF No. 75 at 7.) Plaintiff does not present *Rice* as new evidence, a new claim, or a factual duplicate. The excessive-force claim, the absence of threat or active resistance, and the Rule 56 obligation to credit Plaintiff's evidence were preserved before judgment. *Rice* is legal authority applying those established principles to passive resistance; citation of authority illuminating an existing preserved argument does not transmute the argument into new evidence. Nor does Plaintiff's motion depend on *Zorn v. Linton* as the source of a new cause of action. The requested correction rests independently on Rule 56, *Tolan*, and the existing record.

Defendants also invoke the body-camera evidence as conclusive. (ECF No. 75 at 7.) Video may displace competing testimony only where it "blatantly contradicts" the nonmovant's account

so that no reasonable jury could believe it. *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Hughes v. Rodriguez*, 31 F.4th 1211, 1218–20 (9th Cir. 2022). Griffin gave the testimony quoted above during an examination that repeatedly used the body-camera footage to establish sequence. (*See, e.g.*, Griffin Dep. 32:22–35:14, Ex. C, ECF No. 35-1.) Defendants have not identified footage that unmistakably negates Griffin's admissions concerning the one-vehicle stop, voluntary return, absence of observed danger, absence of perceived flight, or lack of remembered physical resistance. Competing interpretations of evidence are not converted into a single permissible inference merely because one side describes the video as "plain."

## V. THE BADGE-NUMBER SEQUENCE IS MATERIAL CIRCUMSTANTIAL EVIDENCE, NOT A CLAIM OF AUTOMATIC LIABILITY

Defendants contend that Officer Jundt's failure to provide a badge number is immaterial because neither Defendants nor the F&R treated the request itself as threatening or obstructive. (ECF No. 75 at 5–6.) That response addresses a proposition Plaintiff does not advance. Plaintiff does not contend that requesting identification automatically invalidates an otherwise lawful detention. The point is chronological and evidentiary.

Griffin testified that Plaintiff requested badge information and was handcuffed during that request or shortly thereafter. (Griffin Dep. 20:22–21:3, Ex. C, ECF No. 35-1.) Considered with Griffin's testimony concerning the absence of danger, perceived flight, belligerence, and remembered physical resistance, the sequence is circumstantial evidence from which a factfinder could evaluate causation and the asserted reason for escalation. The F&R rejected retaliation for insufficient causal evidence. (ECF No. 52 at 5; *see also* ECF No. 75 at 8.) The immediate protected-activity/adverse-action sequence is not conclusive proof, but it is evidence; its weight belongs to a factfinder when the asserted lawful-order explanation depends upon the disputed traffic-stop predicate. *See Ballentine v. Tucker*, 28 F.4th 54, 61–63 (9th Cir. 2022).

Plaintiff does not ask the Court in reply to adjudicate the exception discussed in *Nieves v. Bartlett*, 587 U.S. 391, 400–07 (2019), or to hold that temporal proximity alone proves causation. He asks only that the Court not eliminate a fact-sensitive causation issue by first accepting, as the

sole permissible inference, the same contested lawful-order narrative that Defendants use to justify the seizure.

## VI. DEFENDANTS' IDENTIFICATION AND VIN ARGUMENTS DO NOT CURE THE ANTECEDENT ERROR

Defendants concede that Plaintiff was not asked for his name before handcuffing, but maintain that identification played no role in the detention. (ECF No. 75 at 4–5.) Plaintiff does not contend that absence of a name request independently defeats probable cause. The concession is relevant because it corroborates the chronology and forecloses any suggestion that the pre-handcuffing exchange was an established refusal to identify. Griffin recalled that failure to identify was the reason communicated to him, while also testifying that he did not recall anyone requesting identification before Plaintiff was handcuffed. (Griffin Dep. 21:4–20, Ex. C, ECF No. 35-1.) That internal evidentiary tension illustrates why the historical sequence cannot be reduced to a single undisputed narrative.

Defendants also correctly observe that the F&R did not rely principally on the covered-VIN theory. (ECF No. 75 at 6.) Plaintiff therefore does not elevate VIN timing into an independent basis for Rule 59(e) relief in this Reply. It remains relevant only if Defendants invoke the VIN as an alternative objective basis under *Devenpeck v. Alford*, 543 U.S. 146, 152–55 (2004). *Devenpeck* forecloses reliance on an officer's announced offense as constitutionally dispositive; it does not authorize probable cause to rest on facts not yet known when the challenged seizure occurred. The present motion can be resolved on the narrower error Defendants' own Response confirms: the Judgment treats Plaintiff as having disobeyed lawful commands while already subject to an ongoing traffic stop, even though the record permits a materially different account of how and when the encounter became a seizure.

## VII. THE RELIEF REQUESTED IS NARROW, CORRECTIVE, AND CONSISTENT WITH JUDICIAL ECONOMY

Plaintiff does not request that the Court decide credibility, enter judgment in his favor, or disregard the legitimate interests implicated by traffic enforcement. He requests correction of one

antecedent Rule 56 error whose consequences permeate the adopted analysis. If the "ongoing traffic stop" premise is genuinely disputed, then the Court must reassess: (1) when Plaintiff was seized; (2) what objective justification existed at that moment; (3) whether the return commands were within the lawful scope of that seizure; (4) whether immediate handcuffing was justified by particularized circumstances; and (5) whether the disputed lawful-order rationale can eliminate retaliation causation or establish qualified immunity as a matter of law.

That relief serves, rather than frustrates, finality. Rule 59(e) exists to permit correction or clarification before the parties and the Court of Appeals expend resources reviewing a judgment resting on an avoidable factual-premise error. *Banister*, 590 U.S. at 507–08; *Kaufmann*, 32 F.4th at 851–52. At minimum, a reasoned determination addressing Griffin Dep. 33:7–21, 35:1–14, and 77:1–19 would clarify why that sworn evidence does or does not create a genuine dispute concerning Defendants' dispositive "ongoing traffic stop" premise.

## VIII. CONCLUSION

Defendants have not shown that Plaintiff presents a new claim, new evidence, or a theory strategically withheld until after judgment. Their Response instead confirms that the Judgment depends upon a preserved historical premise that their own witness's sworn testimony permits a reasonable factfinder to reject. Plaintiff does not ask the Court to adopt his account. He asks the Court not to adjudicate Defendants' account as the only permissible one.

For those reasons, Plaintiff respectfully requests that the Court grant ECF No. 73; alter or vacate the Judgment (ECF No. 71); modify the Order adopting the F&R (ECF No. 70); and reconsider Defendants' summary-judgment motion under the nonmovant-favorable factual posture required by Rule 56. In the alternative, Plaintiff requests a reasoned determination addressing why Griffin's testimony at 33:7–21, 35:1–14, and 77:1–19, Exhibit C, ECF No. 35-1, does not create a genuine and material dispute concerning whether Plaintiff was already an occupant of an ongoing traffic stop before the commands and handcuffing. If judgment is vacated, Plaintiff renews only his alternative request that ECF No. 68 be restored for appropriate disposition; he does not contend that the ADR issue independently supplies the principal ground for Rule 59(e) relief.

DATED September 10, 2026.

/s/ Cameron James Wilson

Plaintiff, *Pro Se*

## CERTIFICATE OF SERVICE

I hereby certify that on this 10 day of September, 2026, I electronically filed the foregoing **PLAINTIFF'S REPLY IN SUPPORT OF RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT** with the Clerk of the Court for the United States District Court for the District of Oregon using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Cameron James Wilson
Plaintiff, *Pro Se*